## 1002. MOORE & JESTER *v.* SMITH MACHINE COMPANY.

1. Where a partnership is sued and judgment is rendered against it and against one or more of the partners individually, and it is sought to review that judgment by writ of error to this court, a pauper affidavit made by one of the partners, alleging only the firm's inability to pay the costs, is not sufficient. Not only must the partnership's inability appear, but also the inability of each partner who has been served and who is therefore bound by the judgment.

2. Where the action is upon an unconditional contract in writing, and all the defenses set up are stricken, judgment is properly rendered by the court without the intervention of a jury.

3. Although, in defense to an action upon promissory notes, the defendant makes a categorical denial of each paragraph of the plaintiff's petition, yet if, in amplification, he sets up a state of facts utterly inconsistent with his denial, and disclosing that he has no real defense, the court properly strikes the entire plea on demurrer.

4. Under the contract in this case and the facts pleaded in connection therewith, the court did not err in striking the defenses sought to be set up.

5. The liberal right of appeal, given by constitution and statute in this State, should not be abused. In case this court is satisfied that the

writ of error has been sued out for delay only, it will not hesitate to affirm the judgment with damages. Upon a suggestion that the writ of error has been sued out for the purpose of delay only, the court will look to the entire history of the case as presented in the record, and will determine the question upon the facts of each particular case. The filing of a pauper affidavit to escape the payment of costs, while not conclusive, nor even prima facie evidence that the writ of error is sued out for delay only, is nevertheless, in an unmeritorious case, a circumstance of some evidentiary value tending to establish that fact.

Complaint, from city court of Bainbridge—Judge Harrell. January 15, 1908.

Submitted March 13,—Decided March 30, 1908.

*G. G. Bower, R. G. Hartsfield,* for plaintiffs in error.

*John R. Wilson,* contra.

POWELL, J. 1. This suit was against the firm of Moore & Jester, alleged to be composed of T. W. Jester and George B. Moore. Judgment was rendered against the partnership and also against the individual members thereof. To avoid the payment of costs, a pauper affidavit has been filed, executed by Jester, in which he alleges that on account of poverty the partnership is unable to pay the costs. There is no affidavit as to the poverty of the individual members of the partnership or as to their inability to pay the costs. Of course the pauper affidavit must be broad enough to cover all the plaintiffs in error in all their relations to the case. See *Taylor* v. *New England Mtge. Co.,* 95 *Ga.* 571 (20 S. E. 636). A member of the partnership may in such a case swear as to the poverty of the partnership, but not as to the poverty of any of the individual members other than himself. Compare *Standard Carbonating Co.* v. *Capital City Guards,* 99 *Ga.* 265 (25 S. E. 670). The law, for this purpose, recognizes the partnership as a legal entity, somewhat but not wholly distinct from the persons composing it. See *Drucker* v. *Wellhouse,* 82 *Ga.* 129 (8 S. E. 40, 2 L. R. A. 328). It follows, therefore, that to make a pauper affidavit effectual, one or more of the partners should make an affidavit for the firm, and in addition thereto each partner who has been served or who is personally bound by the judgment should make an affidavit for himself. Counsel for the plaintiff in error having deposited the costs with the clerk, subject to a ruling upon this question, the case will be heard, but the amount deposited will be retained.

2-4.  Under the constitution of this State, in suits upon unconditional contracts in writing, where no issuable defense is filed under oath, the judge renders judgment without the intervention of a jury.  If a plea insufficient in law is filed, the status is the same.  Although the defendant may categorically deny each allegation of the plaintiff's petition, and thereby present a defense prima facie issuable, yet if he goes further and, by amplification, discloses that he has in fact no legal defense, his entire plea is properly stricken.  *Bedingfield* v. *Bates Advertising Co., 2 Ga. App.* 107 (58 S. E. 320).  The plea in this case was palpably insufficient.  The defendants, according to their allegations, ordered certain machinery from the plaintiffs on October 25, 1906.  It was agreed, that 30 days after the date of shipment there should be a final settlement, either in cash or by the giving of notes, and that the retention of the property more than 30 days after the date of shipment should constitute a trial and acceptance, and should prevent the purchaser from making any complaint.  According to the terms of this contract, on December 12 the defendants paid $100 and executed the notes sued on.  They now attempt to plead, that at the time these notes were executed, certain portions of the machinery had not arrived, and that they did not arrive until after an unreasonable delay, whereby they were damaged.  It is too well settled to admit of any discussion that the giving of the notes under these circumstances is an absolute waiver and estoppel on the part of the purchasers.

5.  The defendant in error moves for an award of damages, on the ground that the writ of error has been sued out for delay only. The constitution and laws of this State are liberal in guaranteeing to every suitor the right of appealing to the highest courts, in vindication of all his legal rights.  By constitutional provision, the maximum of costs taxable by this court or the Supreme Court is the moderate sum of $10, and the payment of that sum may be escaped by the filing of a pauper affidavit.  The procedure is simple; the way, for the most part, is broad and easy.  However, the law does not intend that its liberality shall be abused, and has, therefore, explicitly provided that if it appears that a case has been brought to this court for delay only, damages in the sum of ten per cent. on the amount of the judgment in the court below may be awarded.  Fearful that any stringent enforcement by us of

this section of the code might have the effect of deterring honest suitors from contesting to the end unjust demands plausibly asserted against them, we are always hesitant to penalize a plaintiff in error by the award of damages; still we must remember that a frivolous appeal is a grave injustice, not only to the opposite party to the case but to the State itself; for every case brought to this court entails an expense upon the State greater than the sum it receives from the maximum costs collectible. So, therefore, when a motion for damages is filed, we will carefully examine the record and will pass upon the motion in the light of the entire history of the case as there presented. If after reviewing the whole matter we believe that the plaintiff in error is presenting a bona fide contest over a colorable matter, though his view of the law may not in fact be well founded, or that he is seeking a ruling upon an open or doubtful question, damages will be refused. But when the record discloses that the plaintiff in error has no just case, that no new question of law is involved, and the record is full of those things which every judge and every lawyer recognizes as indicia of an attempt to fight merely for time, justice demands that we overcome any personal hesitancy we may have, and that we add an award of damages to the judgment of affirmance. This case is full of badges of intention to fight for time only. For example, in the first paragraph of the original plea the defendants denied under oath, seriatim, each allegation of the plaintiff's petition, thus seeking to put the plaintiff to proof of every matter alleged, though it subsequently appears from amendments, and amplifications to the plea that only a portion of one paragraph of the petition was in fact disputed, and that was disputed, not by direct denial, but by confession and avoidance. In addition to this, a plea of recoupment was filed, alleging very little specifically, but a great deal by the way of unsupported conclusions. By patience and persistency, the plaintiff, through special demurrers, finally, after an intermediate amendment to the plea (in which a disclosure of the real thing on which the defendants purported to stand seems to have been studiously avoided) had been filed, compelled the defendants to "show their hand" and to expose the inherent fallacies of their position. Nor would it be just for us to attribute to the ignorance of counsel the elaborate sophism contained in these defenses; for they display no such ignorance, but on the contrary indicate knowl-

edge of the law and of the conflicts between the law and the actual defenses; and a studious effort to avoid that conflict is made apparent; and besides, our young friend who managed the case in the court below is too good a lawyer for us to raise for a moment any such excuse for his client. Further, the case comes here on pauper affidavit. Now some people are poor; and honest poverty is in no wise the badge of anything unfair or improper. Therefore we shall always give to pauper cases the same patient, careful attention that we give those in which costs have been paid. But when a partnership, operating a manufacturing plant, capable of making profits of the character alleged in the defenses, is unwilling to part with good money to prosecute its appeal, but attempts to swear off the costs by a pauper affidavit, the circumstance is of some evidentiary value in seeking the purpose of the appeal.

*Judgment affirmed, with damages.*