## 48619. WILSON v. LEE.

STOLZ, Judge. The defendant tenant appeals from the judgment of the Upson Superior Court sustaining the plaintiff landlord's motion for summary judgment in a dispossessory proceeding brought under Code § 61-301.

The defendant tenant originally entered upon the property under a ten-year lease which expired on March 15, 1973. The lease did not contain an option to renew or an automatic renewal clause. There is a provision in the lease stating that the defendant shall be a tenant at will if he remains in possession after expiration of the lease with the plaintiff's "acquiescence and without any distinct agreement of the parties."

The uncontroverted evidence on motion for summary judgment shows that the plaintiff did not acquiesce in the defendant's remaining on the property, but leased the property to another, gave the defendant specific notice thereof, and requested in writing the defendant's removal. The defendant was a mere tenant at sufferance after the expiration of the lease, all before the lease between defendant and plaintiff expired. *Stanley v. Stembridge,* 140 Ga. 750, 755 (79 SE 842). He was not entitled to the notice allowed a tenant at will. Code § 61-105 (as amended, Ga. L. 1962, pp. 463, 464); *Cooper v. Vaughan,* 81 Ga. App. 330, 340 (58 SE2d 453) and cits.

In his affidavit in opposition to the motion for summary judgment, the defendant merely states legal conclusions, but offers no

factual evidence to sustain them. In view of the clarity of the law as applied to the evidence before us, the defendant's conduct strongly infers merely a desire to delay his removal from the property as long as possible through the utilization of the judicial processes. In characterizing such conduct, Judge Powell wrote, " . . . we must remember that a frivolous appeal is a grave injustice, not only to the opposite party to the case but to the State itself; for every case brought to this court entails an expense upon the State greater than the sum it receives from the maximum costs collectible . . . But when the record discloses that the [appellant] has no just case, that no new question of law is involved, and the record is full of those things which every judge and every lawyer recognizes as indicia of an attempt to fight merely for time, justice demands that we overcome any personal hesitancy we may have, and that we add an award of damages to the judgment of affirmance. This case is full of badges of intention to fight for time only." *Moore & Jester v. Smith Machine Co.*, 4 Ga. App. 151, 154 (60 SE 1035). The question of the assessment of damages under Code § 6-1801 is not before us as a judgment for a sum certain as required by the statute does not appear in the record, and consequently cannot be passed upon. The judgment of the trial court sustaining the plaintiff's motion for summary judgment is affirmed.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*
Argued September 6, 1973 — Decided September 14, 1973.

*Bradford & Harrison, Hoyt L. Bradford,* for appellant.
*Harry A. Crawley,* for appellee.