### A91A1731. POWELL v. BANK SOUTH, N.A.

(415 SE2d 543)

*Judge Arnold Shulman.*

This is an appeal from a grant of summary judgment to the appellee bank in a dispossessory proceeding instituted by it. In Novem-

ber of 1982, the appellant and her husband, J. M. "Mike" Powell, executed and delivered to the Cobb Bank & Trust Company a deed to secure debt. The deed conveyed certain real property located in Cobb County and secured an indebtedness ultimately evidenced by three promissory notes, one of which was jointly executed by the appellant and Mr. Powell and two of which were executed by Mr. Powell alone. As successor by merger to the Cobb Bank & Trust Company and to Bank of the South, Cobb County, the appellee became the holder of these debt instruments.

During the course of previous litigation, the parties entered into an agreement settling all claims with respect to the indebtedness evidenced by the notes. However, the Powells failed to comply with the terms of that agreement; and on November 10, 1988, an order was entered which, inter alia, authorized the appellee to proceed with a sale of the property pursuant to the power of sale contained in the security deed. The appellee purchased the property at the ensuing sale, which took place on July 3, 1990, and subsequently demanded possession of the premises from the Powells. However, the Powells refused to vacate; and on July 11, 1990, the appellee instituted the present dispossessory proceedings against them pursuant to OCGA § 44-7-50.

In their answer, the Powells contested the appellee's title and denied that they were tenants at sufferance, but did not dispute any of the facts asserted by the appellee. Following a hearing, the trial court awarded summary judgment to the appellee and issued a writ of possession for the property. The appellant, acting pro se, brings this appeal from that order.

1. The appellant contends, in separate enumerations of error, that the appellee did not acquire title to the property through its exercise of the power of sale in the security deed and that she (the appellant) is therefore not subject to dispossession by the appellee. She bases her attack on the appellee's title on the fact that the property had previously been foreclosed by the Cobb County Tax Commissioner. (The property was, however, subsequently quitclaimed to the appellant by the tax sale purchaser pursuant to OCGA § 48-4-44.) However, her only "argument" in support of any of her enumerations of error consists of bare statements of her allegations, along with an admission that the appellee's superior title cannot be attacked. Assuming arguendo that the appellant has not abandoned her enumerations of error pursuant to Court of Appeals Rule 15 (c) (2), "[i]t is abundantly apparent that appellee, as the purchaser at the sale under power, was vested with sufficient title to institute dispossessory proceedings under [OCGA § 44-7-50]. [Cit.] It is also equally as clear . . . that appellant was a tenant at sufferance and, as such, was subject to being summarily dispossessed." *Remy v. Citicorp &c. Fin. Center,* 159

Ga. App. 726, 728 (285 SE2d 76) (1981). The appellant's attempt to attack the appellee's title in this dispossessory proceeding simply is not permissible under the applicable statutes. See *Roberts v. Collins*, 199 Ga. App. 614 (4) (405 SE2d 508) (1991); *Walker v. Camp*, 121 Ga. App. 765 (3) (175 SE2d 53) (1970).

2. The appellee has moved this court to assess a frivolous appeal penalty against the appellant in the amount of $500, pursuant to Court of Appeals Rule 26 (b). We agree that in light of the foregoing authorities and the lack of argument presented by the appellant, there was no reasonable basis upon which she could have anticipated a reversal of the trial court's judgment, and we thus conclude that the appeal was brought for the purpose of delay only. (This is particularly apparent in light of the fact that the appellant has paid the appellee no money whatsoever, either in the form of debt service or rent, during the pendency of these proceedings.) Accordingly, we assess a frivolous appeal penalty against the appellant in the amount of $500. The state court is directed to enter judgment against the appellant in such amount upon the return of the remittitur in this case.

*Judgment affirmed with direction. Carley, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 17, 1992.

Deborah K. Powell, *pro se.*
*Kilpatrick & Cody, Alan R. Perry, Jr., J. William Veatch III*, for appellee.