A92A0453. ENGLISH et al. v. LIBERTY MORTGAGE CORPORATION.
(421 SE2d 286)

COOPER, Judge.

This pro se action was brought by appellants against appellee after appellee foreclosed on a house purchased by appellants. In 1985, appellants purchased a house and executed a promissory note and deed to secure debt in favor of appellee. Appellants defaulted on the note, and appellee declared the entire indebtedness due and payable

and subsequently commenced foreclosure proceedings. Between December 1986 and August 1990, appellants filed five bankruptcy petitions in an effort to stop the foreclosure. However, in September 1990, the foreclosure sale took place, and in November 1990, the sale was confirmed. In January 1991, appellants filed a document captioned "Jurisdiction," which purports to be a complaint in an action to quiet title. In said document, appellants alleged that appellee committed fraud and violated the Georgia Racketeer Influenced & Corrupt Organizations Act and the Federal Extortions Credit Transactions Act. After filing responsive pleadings, appellee filed a motion to dismiss on the ground that appellants failed to state a claim upon which relief can be granted. The trial court granted appellee's motion, and this appeal followed. Appellants set forth four enumerations of error. We note at the outset that "[a] motion to dismiss for failure to state a claim should be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of the claim. [Cits.]" *Lincoln Nat. Life Ins. Co. v. Davenport*, 201 Ga. App. 175, 176 (410 SE2d 370) (1991). We also recognize that a pro se complaint is not to be held to a more stringent standard in determining whether a claim for relief has been stated. See *Johnson v. Jones*, 178 Ga. App. 346, 349 (343 SE2d 403) (1986).

1. In their first enumeration of error, appellants contend that the trial court erred in granting the motion to dismiss as to their claim of fraud. The fraudulent act alleged by appellants was that appellee never actually loaned money to appellants because there was never an actual tender of money to appellants by appellee. Appellants contend that as a result of never receiving value from appellee, they are entitled to a rescission of the note and subsequent sale of the property. Appellants' complaint is insufficient in its allegation of fraud and it does not appear that appellants can prevail under any set of facts alleged in their complaint as to fraud. The record shows that appellants borrowed a sum of money from appellee for the purchase of a house and at the closing executed a promissory note and deed to secure debt in favor of appellee. Appellants defaulted on the promissory note and have failed to make any payments on the house since 1988 although appellants have elected to remain in the house. Appellants do not allege, nor does the record show, that any false representation was made by appellee which induced them to enter into the contract for the purchase of the house in which they continue to live. Even if we construe the pleadings in the light most favorable to appellants, the allegations in the complaint as to fraud do not disclose with certainty that appellants would be entitled to any relief under any set of provable facts in the complaint. See *Lincoln Nat. Life Ins. Co. v. Davenport*, supra. In their brief, appellants attempt to argue allega-

tions of fraud which were not raised in the trial court. " '[I]t is well established law that enumerations of error which raise questions for the first time on appeal present nothing for decision.' (Citations and punctuation omitted.) [Cit.]" *Mitchell v. Southern Gen. Ins. Co.*, 194 Ga. App. 218 (1) (390 SE2d 79) (1990).

2. In their second enumeration of error, appellants contend that the trial court erred in dismissing their claim of usury. Appellants alleged in their "action" that appellee violated the Federal Extortions Credit Transactions Act by demanding amounts in principal and interest in excess of that allowed by law. The principal amount of appellants' mortgage was $61,850 which accrued interest at the rate of 13 percent per year. Such interest was not in violation of OCGA § 7-4-2, and we find no error in the trial court's dismissal of the action as to the usury claim.

3. In their last two enumerations of error, appellants contend that the trial court erred in dismissing the action as to appellants' claim for breach of contract and request for punitive damages. The "action" filed by appellants does not include a claim of breach of contract or a request for punitive damages. Nor does it appear that appellants would be entitled to relief under any set of facts proved in support of a claim for breach of contract or punitive damages. Accordingly, we find no error with the trial court's dismissal.

4. Appellee has moved for sanctions against appellants for filing a frivolous appeal. " 'Being unable to discern any reasonable ground upon which the appellant[s] might have anticipated the reversal of the trial court's judgment, we assess a $500 penalty against the appellant[s] pursuant to Rule 26 (b) of this court for pursuing a frivolous appeal.' [Cit.]" *Abrahamsen v. McDonald's Corp.*, 193 Ga. App. 868 (6) (389 SE2d 386) (1989). Therefore, upon return of the remittitur, the trial court is directed to enter judgment against appellants in such amount.

*Judgment affirmed with damages. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 8, 1992 —
RECONSIDERATION DENIED JULY 23, 1992 — 

Harold English, *pro se.*
*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Linda S. Finley*, for appellee.