A95A2814. ZELLER v. HOME FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA.
(471 SE2d 1)

ANDREWS, Judge.

Paulette Zeller sued Home Federal Savings & Loan Association of Atlanta ("Home Federal") alleging that Home Federal had wrongfully foreclosed its security deed on her property. Seeking to reverse summary judgment, Zeller enumerates four errors primarily challenging Home Federal's compliance with the statutory notice requirement of OCGA § 44-14-162.2 (a). For the following reasons, we affirm.

Summary judgment is appropriate when the court, viewing all the facts and evidence and reasonable inferences from those facts in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). Viewed in a light most favorable to Zeller, the record shows the following facts.

On June 24, 1987, Zeller executed a promissory note in favor of Home Federal together with a security deed securing property located at 4969 Elizabeth Drive, Mableton, Georgia ("property address"). Thereafter, on several occasions during the life of the note, Zeller failed to make the requisite monthly payments and Home Federal sent written notice to Zeller at the property address. In August 1992, Zeller moved to 302 East Eighth Street, Rome, Georgia ("Rome address"). Home Federal continued to send notices of default to the property address based on the bank's policy of using the property address unless and until a borrower provided a signed letter giving written authorization from the borrower for the use of a different address.

Home Federal's policy was to send all of its correspondence via certified mail to the property address and to simultaneously send via non-certified mail the same correspondence to any mailing address a borrower provided. Thus, Home Federal sent a blizzard of paperwork to Zeller, both by certified mail and regular mail. Pursuant to its procedures, Home Federal continued to send certified mail to the property address and regular mail to the Rome address which Zeller had given. Home Federal's correspondence included default letters sent to Zeller in May, July, August, October, November and December 1992 and more breach letters in January, February, March, May, June, and July 1993. In September 1993, Home Federal sent Zeller a foreclosure and acceleration letter via certified mail.

At some point, Zeller called Home Federal and spoke with a loan counselor and informed her that she had moved to Rome. The representative made a written notation on Zeller's file. Some of Zeller's payment checks had her Rome address. However, the record fails to show that Zeller ever provided written authorization to Home Federal to use her Rome address or any other address. The loan counselor testified that Zeller never gave her notice that she should correspond with her at the Rome address.

On December 7, 1993, Home Federal conducted a foreclosure sale of the property. On April 5, 1994, following advertising and notice, a second foreclosure sale was conducted and the highest bidder was again Home Federal. It is undisputed that prior to the sale, Home Federal sent written notice pursuant to OCGA § 44-14-162.2 by certified mail to the property address.

Finding Zeller failed to provide any evidence that she gave Home Federal specific written notice informing Home Federal of her Rome address, and finding that Home Federal provided Zeller with proper notice to the property address, the trial court granted summary judgment to Home Federal.

1. Zeller contends that summary judgment must be reversed because Home Federal failed to comply with the statutory notice requirements of OCGA § 44-14-162.2.

OCGA § 44-14-162.2 (a) provides in pertinent part: "Such notice shall be in writing and shall be sent by registered or certified mail, return receipt requested, to the property address *or to such other address as the debtor may designate by written notice to the secured creditor.*" (Emphasis supplied.)

Zeller argues that Home Federal's actual knowledge of her Rome address triggered a duty for Home Federal to send the OCGA § 44-14-162.2 (a) notice to her Rome address. We disagree. The plain language of the statute requires that the debtor designate in writing another address to the secured creditor. A telephone call, a notation on a file by an employee of Home Federal, and the receipt of payment by checks with the new address, do not show compliance with the requirement that Zeller designate an address by "written notice." We find that Zeller's failure to provide written notice to Home Federal of her Rome address as required by OCGA § 44-14-162.2 (a) defeats her contention that Home Federal was obligated to notify her at the Rome address.

2. Similarly, we are unable to find merit to Zeller's claim that the trial court erroneously ruled that Home Federal had a choice of where to send notice to Zeller. OCGA § 44-14-162.2 (a) plainly requires the secured creditor send notice to the property address unless the debtor designates in writing another address. As discussed in Division 1, the trial court correctly determined that because Zeller failed to designate another address in writing, Home Federal complied with the statute by its certified mailing of the foreclosure notice to the property address. See *McCollum v. Pope*, 261 Ga. 835 (411 SE2d 874) (1992) (actual receipt of OCGA § 44-14-162.2 notice of initiation of proceeding to exercise the power of sale in a mortgage, security deed or other lien contract immaterial).

Because Home Federal pierced Zeller's pleadings and eliminated an essential element of Zeller's wrongful foreclosure claim, Home Federal was entitled to summary judgment as a matter of law. See *Lau's Corp.*, 261 Ga. at 491.

3. Based on our discussion in Division 1, Zeller's other enumerations are rendered moot.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 28, 1996 —
RECONSIDERATION DENIED MARCH 27, 1996.

*Farless & Newton, Floyd H. Farless*, for appellant.
*Morris, Schneider & Prior, Larry W. Johnson*, for appellee.