A97A0609. WRIGHT v. BARNETT MORTGAGE COMPANY.
(485 SE2d 583)

MCMURRAY, Presiding Judge.

Appellant-plaintiff Mattie Wright filed this tort action against appellee-defendant Barnett Mortgage Company ("Barnett"), alleging Barnett wrongfully foreclosed on a security interest in real property located at 395 Tazor Street in Fulton County, Georgia, which property was "owned by Plaintiff and mortgaged by [sic] Defendant." Plaintiff contended "she never received notice of the foreclosure sale, although the previous law firm for [Barnett] knew of Plaintiff's home

address [because it] had sent previous foreclosure notice to that home address . . . [in] Hephzibah, Georgia." Plaintiff reasoned that a different "law firm handling [this subsequent] foreclosure for [Barnett] knew or should have known the correct address for giving notice to plaintiff." "Prior to 9 a.m. on the morning of the foreclosure date (March 5, 1996), the attorney for Plaintiff faxed to the attorney for [Barnett] information explaining that Plaintiff had never received notice." Nevertheless, Barnett "went ahead and foreclosed on March 5, 1996." "On April 1, 1996, Plaintiff received [a] Possession of Premises Notice from [Barnett]." Plaintiff demanded that "the foreclosure sale be set aside and that proper notice be given to Plaintiff at [her] home address."

On April 12, 1996, the superior court entered a temporary restraining order, prohibiting interference with plaintiff's possession and enjoyment of the property, provided that a "re-instatement amount of $6,000.00 shall be paid into the Court by Plaintiff no later than 5:00 p.m., April 16, 1996[; and further provided that plaintiff] shall pay monthly mortgage notes into the Court starting June 1, 1996 and continuing thereafter," until the case is resolved.

Barnett denied the material allegations and promptly moved for summary judgment. In support of its motion, Barnett submitted a copy of a 1982 security deed to the Tazor Street property executed by James C. Story as grantor in favor of Citizens Mortgage Service Corporation as grantee, securing a loan in the principal amount of $27,100. By warranty deed executed in Davidson County, Tennessee, on November 23, 1983, James C. Story conveyed the Tazor Street property to plaintiff. This conveyance was expressly "made subject to . . ." the security deed from James C. Story to Citizens Mortgage Service Corporation, as assigned to American Savings & Loan Association of Florida. James C. Story's promissory note and security deed ultimately were assigned to Barnett on November 1, 1990. Barnett declared the note to be in default for failure to make payments on the indebtedness as and when due and accelerated the balance.

In an affidavit, Sarah A. Murphy, a foreclosure paralegal with the law firm handling this subsequent foreclosure, deposed that both plaintiff as current record owner of the encumbered property and James C. Story as borrower-grantor were sent Notices of Foreclosure by regular and certified mail to the Tazor Street address. The notice sent to plaintiff by certified mail at the Tazor Street address was accepted and signed for on "12-29-95," although the signature for the "Addressee or Agent" is indecipherable. Additionally, plaintiff was served with an additional notice at an address on Adams Drive in Atlanta, Georgia. This duplicate notice was returned as "UNCLAIMED" on January 18, 1996. According to the affidavit of Kathreen Smith, with Barnett's foreclosure department, plaintiff

"Mattie Wright never provided written notice to Barnett to send correspondence regarding loan number 664844 to [her] address 5133 Farmers Bridge Road, Huphzibah [sic], Georgia 30815."

In opposition, plaintiff submitted foreclosure notices the first law firm had sent to plaintiff at her addresses in Hephzibah, Georgia and Atlanta, Georgia, regarding an earlier default. The trial court granted Barnett's motion for summary judgment and plaintiff appeals. *Held*:

1. Plaintiff's first two enumerations of error urge that OCGA § 44-14-162.2 is unconstitutional. She first argues that a non-judicial foreclosure by exercising a power of sale contained in a deed is nevertheless a civil "action" involving property under OCGA § 9-11-4 (e) (1) (B), and that plaintiff was entitled to personal service under OCGA § 9-11-4 (d). Also, she argues that OCGA § 44-14-162.2 "is unconstitutional (Federal/State) because it is vague, ambiguous, and confusing. . . ." For aught that appears of record, however, these issues were never presented to the trial court for a ruling. "It is well established law that enumerations of error which raise questions for the first time on appeal present nothing for decision." (Citations and punctuation omitted.) *English v. Liberty Mtg. Corp.*, 205 Ga. App. 141, 142 (1), 143 (421 SE2d 286).

2. Relying on OCGA § 44-14-180, plaintiff next contends the notice of foreclosure was defective because it failed to provide a reinstatement balance.

There is considerable doubt that OCGA § 44-14-180, specifying the manner to foreclose on a true mortgage, is applicable to the case sub judice, where Barnett foreclosed under a power of sale contained in a deed to secure debt. See OCGA § 44-14-162. "It is our opinion that when a power of sale is exercised all that is required of the foreclosing party is to advertise and sell the property according to the terms of the instrument, and that the sale be conducted in good faith." (Citations and punctuation omitted.) *Kennedy v. Gwinnett Commercial Bank*, 155 Ga. App. 327 (1), 330 (270 SE2d 867). Moreover, plaintiff failed to demonstrate by the record that she sustained any harm from this alleged omission, since the trial court did grant a rule specifying a reinstatement amount of $6,000, payable into the registry of the court by a date certain. See OCGA § 44-14-180 (2). This enumeration is without merit.

3. Plaintiff's fourth enumeration contends that, "as a matter of equity, the foreclosure should be set aside[, since the] second attorney for [Barnett] had or should have had file documents indicating where the [plaintiff] expected to receive notice."

Notice of initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract "shall be in writing and shall be sent by registered or certified mail, return receipt

requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor." OCGA § 44-14-162.2 (a). As transferee and current owner of the property encumbered by the debt, whose identity was known to the creditor, plaintiff was a "debtor" within the meaning of OCGA § 44-14-162.1 and so was entitled to receive the notice prescribed by OCGA § 44-14-162.2.

In our view, plaintiff's argument that Barnett's constructive knowledge of her Hephzibah address triggered a duty to send the OCGA § 44-14-162.2 (a) notice of foreclosure to that Hephzibah address is controlled adversely to her by *Zeller v. Home Federal Savings &c.*, 220 Ga. App. 843, 844 (1), 845 (471 SE2d 1). In *Zeller*, this Court held: "[a] telephone call, a notation on a file by an employee of [the Creditor], and the receipt of payment by check with the new address, do not show compliance with the requirement that [the debtor] designate an address [other than that of the property encumbered] by 'written notice.'" Id. Consequently, in the case sub judice, we hold that plaintiff's undisputed failure to provide written notice to Barnett that she wanted her Hephzibah address to be the proper address for notice of foreclosure defeats her claim that Barnett was obligated under OCGA § 44-14-162.2 to notify her at the Hephzibah address. The trial court correctly granted Barnett's motion for summary judgment.

4. As we cannot say that plaintiff's arguments, although ultimately without merit, were entirely frivolous or interposed solely for the purpose of delay, Barnett's motion for frivolous appeal sanctions, pursuant to Court of Appeals Rule 15 (b), is denied. See, e.g., *Gardiner v. McDaniel*, 202 Ga. App. 663, 664 (2) (415 SE2d 303) (interpreting OCGA § 5-6-6). Compare *Moore & Jester v. Smith Machine Co.*, 4 Ga. App. 151, 153 (5) (60 SE 1035).

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

I agree with the majority that the trial court correctly granted summary judgment to Barnett Mortgage Company.

I respectfully disagree, however, with the majority's conclusion that sanctions are not warranted. This case is controlled adversely to Wright by *Zeller v. Home Federal Savings &c.*, 220 Ga. App. 843 (471 SE2d 1) (1996). As noted by Barnett Mortgage, the similarity between the two cases is "uncanny." Despite the applicability of *Zeller*, Wright attempts to show error by citing inapt statutes and by raising arguments not raised below, while ignoring *Zeller*. Although Barnett Mortgage relied on *Zeller* in its motion for summary judgment, Wright did not address that case or attempt to distinguish it in

response to the motion. Likewise, Barnett Mortgage relies on *Zeller* here, and again Wright has ignored the remarkable resemblance between the two cases. If Wright were unaware below that *Zeller* controls her contentions, she certainly should have recognized the importance of that case on appeal, when Barnett Mortgage raised it again. Her refusal to address *Zeller* despite at least two opportunities to do so is testament to her knowledge of its importance and reveals clearly the frivolous nature of her arguments.

Because the law is indisputably clear on the issues raised by Wright, *Suchnick v. Southern Gen. Ins. Co.*, 196 Ga. App. 687, 688 (396 SE2d 609) (1990), and because there was no reasonable basis on which she could have anticipated reversal, *Powell v. Bank South*, 202 Ga. App. 852, 854 (2) (415 SE2d 543) (1992), I would assess a frivolous appeal penalty against Wright in the amount of $1,000. Court of Appeals Rule 15 (b).

DECIDED APRIL 4, 1997.

Before Judge Wyatt Cummings Moore.

*Roy Miller*, for appellant.

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, John G. Aldridge, Jr., Daniel D. Phelan*, for appellee.