## A09A2146. COLBERT v. BRANCH BANKING AND TRUST COMPANY et al.
### (691 SE2d 598)

DOYLE, Judge.

Following the denial of his petition to void a foreclosure, Earl L. Colbert appeals, contending that the trial court erred in ruling that Branch Banking and Trust Company ("the Bank") properly notified him of foreclosure proceedings as required by OCGA § 44-14-162.2 (a). Finding no error, we affirm.

"We apply a de novo standard of review to questions of law decided by the trial court, and factual findings made by the trial court shall not be set aside unless clearly erroneous."[1] So viewed, the record shows that Colbert was the owner of property located at 468 Cypress Road, Springfield, Georgia, and in February 1996, he executed a security deed and agreement with a Bank affiliate establishing a $175,000 loan to build his personal home on the property. The property lacked a mailbox, so for purposes of notice under the loan, Colbert designated P. O. Box 1380 as his address. In 2003, Colbert stopped using the post office box, implemented a change of address with the United States Postal Service, and notified the Bank by telephone that his new mailing address was his Laurel Street business address. Colbert did not notify the Bank of the change of address in writing, but he received certain tax correspondence from the Bank at the Laurel Street address. In 2004, Colbert filed for bankruptcy, listing the Laurel Street address as his mailing address for purposes of the bankruptcy. The Bank was listed as a creditor and was provided with this address during the bankruptcy process.

Colbert defaulted on the loan, and, in 2008, the Bank began

---

[1] *Mackey v. Fed. Nat. Mtg. Assn.*, 294 Ga. App. 495, 496 (669 SE2d 397) (2008).

foreclosure proceedings after receiving a lift of stay in the bank-
ruptcy. The Bank sent a notice of foreclosure sale, via certified letter
with a return receipt requested, to Colbert at the original post office
box address listed in the loan documents and published a notice of
the sale in the Effingham Herald. In February 2009, consistent with
the notices, the Bank auctioned the property and executed a deed
under power of sale, pursuant to the security deed, transferring title
to the highest bidder at the foreclosure auction, Marion T. Lanier III.

After learning of the sale from Lanier, Colbert petitioned the
superior court for injunctive relief and to void the foreclosure sale.
After an evidentiary hearing that included Colbert, the Bank, and
Lanier, the court denied Colbert's petition, giving rise to this appeal.

Colbert does not dispute that he defaulted on the loan or that
the Bank was authorized to initiate foreclosure proceedings. Instead,
Colbert contends that the superior court erred in concluding that
the Bank's notice of the foreclosure sale complied with OCGA §
44-14-162.2 (a). We disagree.

OCGA § 44-14-162.2 (a) provides, in relevant part:

> Notice of the initiation of proceedings to exercise a power of
> sale in a mortgage, security deed, or other lien contract shall
> be given to the debtor by the secured creditor no later than
> 30 days before the date of the proposed foreclosure. Such
> notice shall be in writing, . . . and *shall be sent by registered
> or certified mail or statutory overnight delivery, return
> receipt requested, to the property address or to such other
> address as the debtor may designate by written notice to the
> secured creditor. . . .*[2]

Here, the Bank mailed the notice of the foreclosure sale to
Colbert at the post office box address, and it is undisputed that the
post office box was the address designated as Colbert's mailing
address in the loan documents. Colbert admitted at the hearing that
he never personally provided the Bank with written notice that his
address for loan purposes had changed, although he mailed the Bank
payments listing his Laurel Street address as the return address on
the envelope. Instead of providing written notice, Colbert orally
notified the bank of his Laurel Street address by telephone, which
led the Bank to send certain correspondence to Laurel Street.
Nevertheless, in this context, Georgia case law is settled that
Colbert's obligation to provide the Bank with written notice of his
address change is not satisfied by Colbert's oral instruction to the

---

[2] (Emphasis supplied.)

Bank, nor Colbert's return address on his payment envelopes, nor even the Bank's actual notice. If a debtor wishes to designate a changed address for purposes of OCGA § 44-14-162.2 (a),

> [t]he plain language of the statute requires that the debtor designate in writing another address to the secured creditor. A telephone call, a notation on a file by an employee of [the Bank], and the receipt of payment by checks [or envelopes] with the new address, do not show compliance with the requirement that [the debtor] designate an address by "written notice."[3]

This is not changed by the fact that, via the bankruptcy proceeding, the Bank gained knowledge that Colbert could be reached at his Laurel Street address for purposes of the bankruptcy action. This knowledge on the Bank's part did not relieve Colbert of his statutory duty to provide the Bank written notice of his address change for purposes of the Bank's exercise of a power of sale under OCGA § 44-14-162.2 (a).[4] Accordingly, the superior court did not err in denying Colbert's motion to void the foreclosure sale. Likewise, there was no error in failing to set aside the sale to the third-party buyer, Lanier.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 8, 2010.

*Douglas G. Exley*, for appellant.
*Inglesby, Falligant, Horne, Courington & Chisholm, Stephen E. Jackson, Jr., Glen M. Darbyshire, Hunter, Maclean, Exley & Dunn, Kirby G. Mason*, for appellees.

---

[3] *Zeller v. Home Fed. Sav. &c.*, 220 Ga. App. 843, 845 (1) (471 SE2d 1) (1996). See also *Jackson v. Bank One*, 287 Ga. App. 791, 792-793 (1) (652 SE2d 849) (2007) (notice sent to originally designated address was sufficient under former OCGA § 44-14-162.2 even though address was nonexistent).

[4] See *Zeller*, 220 Ga. App. 845 (1) (actual knowledge of debtor's desired address not sufficient); *Wright v. Barnett Mtg. Co.*, 226 Ga. App. 94, 97 (3) (485 SE2d 583) (1997) (constructive notice of debtor's desired address not sufficient).