## A11A1799. FARRIS v. FIRST FINANCIAL BANK et al.

(722 SE2d 89)

DILLARD, Judge.

In this civil action, Harold J. Farris sued First Financial Bank and the law firm of Campbell, Martin & Manley, LLP (collectively "defendants"), alleging that defendants wrongfully foreclosed on property that Farris obtained from his former wife via a divorce decree. Following a grant of summary judgment in favor of defendants as to all his claims, Farris appeals, arguing that the trial court erred in finding as a matter of law that defendants (1) complied with the notice provisions in the security deed related to the subject property, and (2) complied with the notice requirement in OCGA § 44-14-162.2 based on the fact that Farris was not a debtor, as defined by OCGA § 44-14-162.1, who was entitled to notice. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the nonmovant,[1] the record shows that on December 21, 1982, Rosylind Stanton and Jimmie Norman purchased property at 1763 Sylvan Road, S.W., Atlanta, Georgia, and financed the purchase by executing a loan note and deed to secure debt as to the property in favor of the Federal National Mortgage Association ("FNMA"). On July 31, 1992, Stanton and Norman transferred their interest in the property by quitclaim deed to Farris's then-wife, Pauline.

In September 1996, First Financial Bank ("FFB"), the successor in interest to FNMA, notified Pauline Farris that the loan was in default and that foreclosure proceedings would be initiated, pursuant to the power of sale contained in the security deed, if she did not cure the default. After receiving no response, on December 30, 1996, FFB had its attorneys notify Pauline Farris by letter that unless the default was cured within 30 days, the debt would be accelerated and foreclosure proceedings would ensue, pursuant to the terms of the security deed. The letter was sent by certified mail to both the property's Sylvan Road address and to the home address for Pauline Farris. The very next day, FFB's attorneys received a letter that was purportedly signed by Pauline Farris, stating that her husband, Harold, had authority to negotiate with FFB with regard to the property. Shortly thereafter, Harold Farris contacted FFB's attorneys and informed them that he would cure the default on the note.

Despite Farris's assurances, by January 31, 1997, the debt was still in default, and thus, FFB's attorneys once again sent letters via certified mail to Pauline Farris at the property address and her home

---

[1] See, e.g., *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459, 459 (1) (486 SE2d 684) (1997).

address, notifying her that the debt had been accelerated and that a foreclosure sale was scheduled for March 4, 1997. However, on the date of the sale, Farris faxed FFB's attorneys a copy of a Chapter 13 bankruptcy petition allegedly filed by Pauline Farris earlier that same day. Consequently, FFB's attorneys cancelled the foreclosure sale. But less than one month later, FFB's attorneys received a telephone call from Pauline Farris's divorce attorney, who informed them that Harold Farris was not authorized to negotiate curing the default on the loan and that Pauline Farris had not signed or filed the petition that was pending in the bankruptcy court. Nevertheless, over the course of the next few months, Harold Farris continued to contact FFB's attorneys to convey his intention to cure the default on the loan. And on September 30, 1997, Harold Farris sent another letter to FFB's attorneys, which was purportedly signed by Pauline and which stated that she would be transferring the property to Farris via a quitclaim deed in November of that year. Enclosed with the letter was the purported deed, which was postdated November 24, 1997.

On October 8, 1997, the U. S. Bankruptcy Court for the Northern District of Georgia lifted the automatic stay pertaining to the Sylvan Road property. As a result, on October 20, 1997, FFB's attorneys sent a second default notice, again via certified mail, to Pauline Farris at the property's address and to her home address. Notably, the receipt for the letter sent to Pauline Farris's home address was signed as received by "H J Farris." Despite this notice, the default was not cured. Thus, on December 2, 1997, FFB's attorneys sent certified letters to the property address and to Pauline Farris's home address, notifying her that the debt had been accelerated and that a foreclosure sale was scheduled for January 6, 1998. In addition, beginning on December 9, 1997, and continuing for the next four weeks, a notice of the impending sale of the Sylvan Road property appeared in the *Fulton County Daily Report*.

Subsequently, Farris informed FFB's attorneys that the property had been awarded to him via a divorce decree, and he again expressed his interest in bringing the debt current. However, the quitclaim deed transferring Pauline Farris's interest in the property to her now-former husband was not recorded until January 5, 1998, and Farris made no attempt to cure the default. On January 6, 1998, FFB purchased the property at the foreclosure sale.

Shortly thereafter, Farris sued FFB and its attorneys, alleging that defendants wrongfully foreclosed on the Sylvan Road property, which he now owned. The case was delayed for nearly ten years due to Farris's involvement in several unrelated bankruptcy proceedings, but in May 2010, defendants filed motions for summary judgment, arguing that the foreclosure complied with the notice provisions in

the security deed as well as the relevant statutes. After conducting a hearing on the matter, the trial court granted defendants' motions for summary judgment as to all of Farris's claims. This appeal follows.

At the outset, we note that summary judgment is appropriate when "the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law."[2] This burden is met by a defendant when the court is shown "that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of [the] plaintiff's case."[3] And if the moving party meets this burden, "the nonmoving party cannot rest on its pleadings, but must point to specific evidence giving rise to a triable issue."[4] With these guiding principles in mind, we turn now to Farris's enumerations of error.

1. Farris contends that the trial court erred in granting summary judgment because defendants failed to provide him with notice of the default, acceleration of the debt, and foreclosure, pursuant to the security deed. We disagree.

Our Supreme Court has held that

[i]n the absence of a specific provision to that effect, the holder of a mortgage or trust deed with power of sale, is not required to give notice of the exercise of the power to a subsequent purchaser or incumbrancer; and the validity of the sale is not affected by the fact that such notice is not given.[5]

Indeed, "[t]he law imposes no duty upon a person holding a prior mortgage or deed of trust to notify one holding a similar subsequent or junior lien or incumbrance upon the same property of his intention to sell the property under his mortgage or deed of trust."[6] And "[a]ll that is required of him is to advertise and sell the property according to the terms of the instrument, and that the sale be conducted in good faith."[7]

Here, paragraph 14 (a) of the security deed granted to FFB's predecessor (FNMA) provides that: "any notice to Borrower provided for in this Deed shall be given by mailing such notice by

---

[2] *Thompson v. City of Fitzgerald*, 248 Ga. App. 725, 725 (548 SE2d 368) (2001).

[3] *Id.* at 725-26 (punctuation omitted).

[4] *Id.* at 726.

[5] *Giordano v. Stubbs*, 228 Ga. 75, 78 (1) (184 SE2d 165) (1971) (punctuation omitted).

[6] *Id.* (punctuation omitted).

[7] *Id.* (punctuation omitted).

certified mail addressed to Borrower at the Property Address or at such address as Borrower may designate by notice to Lender as provided herein[.]'' And the acceleration clause provided in paragraph 18 of the security deed states that notice of an impending acceleration due to the borrower's default is to be provided in the same manner required by paragraph 14. Moreover, it is undisputed that defendants provided notice of the default and the acceleration via certified mail sent to both the property address and to the address of Pauline Farris, who had assumed the obligations of the original borrowers. Thus, the defendants complied with the requirements of the security deed, which is all the law requires.[8] Accordingly, the trial court did not err in granting summary judgment on this ground.

Farris, nevertheless, complains that he, specifically, was not provided with notice. But it is undisputed that Farris was never a party to the security deed and had no legal interest in the property at the time the notices were sent on October 20, 1997. And given that ''one not in privity of contract with another lacks standing to assert any claims arising from violations of the contract[,]''[9] it would be of no consequence even if defendants had failed to comply with the notice provisions in the security deed. Thus, Farris's claim fails as a matter of law.

2. Farris also contends that the trial court erred in granting summary judgment because defendants failed to comply with the notice of foreclosure requirements encompassed by OCGA §§ 44-14-162.1 and 44-14-162.2. We disagree.

OCGA § 44-14-162.2 (a), in relevant part, provides:

> Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property

---

[8] See id.

[9] *Dominic v. Eurocar Classics*, 310 Ga. App. 825, 828 (1) (714 SE2d 388) (2011); see OCGA § 9-2-20 (a) (''As a general rule, an action on a contract, whether the contract is expressed, implied, by parol, under seal, or of record, shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent.'').

> address or to such other address as the debtor may designate by written notice to the secured creditor. . . .[10]

Notably, "[i]n foreclosure proceedings instituted pursuant to OCGA § 44-14-160 et seq., only a debtor, as defined by statute, is entitled to receive any notice of the initiation of foreclosure other than by advertisement."[11] OCGA § 44-14-162.1 defines the term "debtor" as meaning "the grantor of the mortgage, security deed, or other lien contract."[12] Importantly, the statute further provides:

> In the event the property encumbered by the mortgage, security deed, or lien contract has been transferred or conveyed by the original debtor, the term "debtor" shall mean the current owner of the property encumbered by the debt, if the identity of such owner has been made known to and acknowledged by the secured creditor prior to the time the secured creditor is required to give notice pursuant to Code Section 44-14-162.2.[13]

Here, the evidence is undisputed that on October 20, 1997, defendants provided Pauline Farris, who had obtained the subject property from the original debtors via a quitclaim deed, with notice of default by sending certified letters to both the property address and Pauline Farris's home address. It is also uncontroverted that on December 2, 1997, defendants provided Pauline Farris with notice of the impending foreclosure sale scheduled for January 6, 1998, as required under the terms of the security deed and OCGA § 44-14-162.2, by sending certified letters to the same two addresses. And given that Farris did not obtain any legal interest in the property until the quitclaim deed from his now-former wife was filed on January 5, 1998, he was not the owner of the property at the time that defendants were required to provide notice of the foreclosure sale.

Moreover, pretermitting whether Farris became the legal owner of the property in November 1997, when the property was awarded to him as part of his divorce decree, Farris has still not demonstrated that defendants failed to comply with OCGA § 44-14-162.2 (a). The plain language of OCGA § 44-14-162.2 (a) "requires the secured creditor send notice to the property address unless the debtor designates in writing another address."[14] And following his alleged

---

[10] OCGA § 44-14-162.2 (a).

[11] *Ray v. Atkins*, 205 Ga. App. 85, 88 (2) (421 SE2d 317) (1992).

[12] OCGA § 44-14-162.1.

[13] *Id.*

[14] *Zeller v. Home Federal Sav. & Loan Ass'n of Atlanta*, 220 Ga. App. 843, 845 (2) (471

acquisition of the property, Farris provided no evidence that he made a written request that defendants send any notices regarding the property to a different address. Thus, defendants "complied with the statute by [their] certified mailing of the foreclosure notice to the property address."[15] Accordingly, the trial court did not err in granting summary judgment in favor of defendants.[16]

*Judgment affirmed. Mikell, C. J., and Smith, P. J., concur.*

DECIDED DECEMBER 28, 2011.

Harold J. Farris, *pro se.*

*Drew, Eckl & Farnham, Eric R. Mull, Paul W. Burke, McCalla Raymer, Robert M. Sheffield,* for appellees.

---

SE2d 1) (1996); *see* OCGA § 44-14-162.2 (a).

[15] *Zeller,* 220 Ga. App. at 845 (2).

[16] *See id.; see also Jones v. Bd. of Regents of the Univ. Sys. of Ga.,* 262 Ga. App. 75, 77 (1) (585 SE2d 138) (2003) ("Summary judgment may be affirmed if it is right for any reason.").