**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 14, 2018**

# In the Court of Appeals of Georgia

A17A1410, A17A1411. DIP LENDING I, LLC v. CLEVELAND
        AVENUE PROPERTIES, LLC; and vice versa.

BETHEL, Judge.

These appeals arise from the trial court's partial grant and denial of cross motions for summary judgment in a wrongful foreclosure action between Cleveland Avenue Properties, LLC (hereinafter "Cleveland") and Dip Lending I, LLC (hereinafter "Dip Lending"). In Case No. A17A1410, Dip Lending contends the trial court erred by finding that Dip Lending (1) failed to comply with the statutory notice provisions of OCGA § 44-14-162.2, and (2) breached its duty to provide Cleveland notice of the foreclosure sale. Dip Lending further contends the trial court erred when applying the standard for the defense of equitable estoppel. In Case No. A17A1411, Cleveland argues the trial court erred by finding Cleveland was not entitled to the

equitable remedy of setting aside the foreclosure sale of its two properties because it had not tendered the amounts due on the note. For the reasons explained, we affirm.

> Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant or denial of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

*Essien v. CitiMortgage, Inc.*, 335 Ga. App. 727, 728 (781 SE2d 599) (2016) (citation and punctuation omitted).

So viewed, the evidence shows that in 2010, ATA Properties, Inc. (hereinafter "ATA"), deeded two properties ("Properties") located in East Point, Georgia to Cleveland. At the time of the transfer, the Properties were subject to a lien held by Rockbridge Commercial Bank which was under the control of its receiver, the Federal Deposit Insurance Corporation ("FDIC"). In 2015, the FDIC assigned its interest in the Properties to Dip Lending. Dip Lending sold the Properties through a non-judicial foreclosure sale.[1]

---

[1] Cleveland filed a verified complaint seeking to enjoin the foreclosure of the Properties. The injunction was denied because Cleveland had not tendered the balance due on the debt.

2

Cleveland filed an action for wrongful foreclosure alleging that Dip Lending failed to send it notice of the foreclosure and that Cleveland was entitled to have the foreclosure sale of the Properties set aside. Dip Lending answered and denied Cleveland's claim that it was never notified that the Properties were being foreclosed. Both parties moved for summary judgment. The trial court partially granted Cleveland's motion for summary judgment on the elements of legal duty and breach of legal duty on its claim for wrongful foreclosure based on its conclusion that Dip Lending failed to provide Cleveland notice pursuant to OCGA § 44-14-162.2. The trial court partially granted Dip Lending's motion for summary judgment on Cleveland's request for the equitable remedy of setting aside the foreclosure sale because Cleveland failed to tender the amounts due. These appeals followed.

*Case No. A17A1410*

1a. Dip Lending argues the trial court erred in finding that it failed to comply with the notice provisions of OCGA § 44-14-162.2 because the foreclosure sale notices were sent to the appropriate address and otherwise substantially complied with the statute's requirements. In support of its argument, Dip Lending contends that Cleveland had actual notice of the foreclosure sale and filed a subsequent petition to enjoin the sale because notice was provided. We disagree.

3

OCGA § 44-14-162.2 (a) provides in part that

Notice of the initiation of [foreclosure] proceedings . . . shall be given to the debtor . . . shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

OCGA § 44-14-162.1 defines the term "debtor" to mean the "grantor of the . . . lien contract." In the event the encumbered property has been transferred by the original debtor, the same statute provides that the "debtor" is "the current owner of the property encumbered by the debt."

The record reflects that as of April 1, 2015, the registered address for Cleveland was 963 Cleveland Avenue, and the registered address for ATA was 1827 Warren Way. It is undisputed that Dip Lending sent notices of the initiation of foreclosure proceedings for the Properties to ATA, Cleveland's predecessor in interest, and ATA's registered agent, Tony White, at the 963 Cleveland Avenue address. When the notices were sent, Dip Lending knew Cleveland was the owner of record for the Properties, but it did not list Cleveland as a recipient on the notices as

4

required by the statute. However, Dip Lending argues that the notice statute only required that the notices be sent to the proper address. Dip Lending's argument is without merit.

OCGA § 44-14-162.2 not only requires that foreclosure notices be sent to the proper address, but also requires that notices be sent to the "current owner of the property encumbered by the debt." Nowhere does the plain language of the statute specify or even suggest that the foreclosure notice can be sent to anyone other than the debtor. *See Farris v. First Fin. Bank*, 313 Ga. App. 460, 464 (2) (722 SE2d 89) (2011) (concluding that the debtor is the only party required to receive notice of foreclosure sale). Contrary to Dip Lending's argument, addressing the notices to a third-party located at the proper address is not sufficient to satisfy the statutory notice requirement.

We are also unpersuaded by Dip Lending's argument that because Cleveland had actual knowledge of the initiation of foreclosure proceedings, as evidenced by their petition to enjoin the foreclosure sale, the trial court erred in finding Cleveland lacked the required statutory notice. OCGA § 44-14-162.2 requires a showing that the initiator of the foreclosure proceedings complied with statutory and contractual notice

5

requirements.[2] The record reflects that Dip Lending did not send the foreclosure sale notices to Cleveland as required by statute. It is of no consequence that Cleveland was made aware of the foreclosure via ATA or Tony White. As we have ruled in regard to other notice requirements in the context of a foreclosure, actual knowledge does not relieve a party of its statutory duty to provide notice. *See Colbert v. Branch Banking & Tr. Co.*, 302 Ga. App. 687, 689 (691 SE2d 598) (2010) (actual notice to bank was insufficient to show compliance with the requirement that the debtor designate an address by written notice); *Ameribank, N.A. v. Quattlebaum*, 269 Ga. 857, 859, (505 SE2d 476) (1998) ("[A]ctual notice or knowledge will not cure the failure to comply with the statute as to confirmation." (citation omitted)).

Moreover, Dip Lending's argument that strict compliance is not required to satisfy OCGA § 44-14-162.2 (a) is misguided, and its reliance on this Court's holding in *TKW Partners, LLC v. Archer Capital Fund, L.P.* is misplaced. 302 Ga. App. 443, 446 (1) (691 SE2d 300) (2010). In *TKW Partners*, this Court held that the notice at

---

[2] *See Thompson-El v. Bank of Am., N.A.*, 327 Ga. App. 309, 311 (2) (759 SE2d 49) (2014) ("where the grantee in a security deed mails a notification of the sale under power correctly addressed to the grantor of the security deed in accordance with the provisions of OCGA § 44-14-162.2, the actual receipt, or want of receipt, by the grantor is immaterial to the right of the grantee to sale under power." (citation and punctuation omitted)).

issue in that case substantially complied with the contact information provision of OCGA § 44-14-162.2 even though it included the contact information for the lender's attorney, as opposed to the lender, who had the same authority as any individual to negotiate on the lender's behalf. The only alleged deficiency was that the notice did not specifically identify the listed attorney as the person with authority to negotiate, modify or amend the terms of the mortgage. *Id*. at 445; *see also Stowers v. Branch Banking & Trust Co.*, 317 Ga. App. 893, 896 (1) (731 SE2d 367) (2012) (confirming *TKW Partners* holding stands for the proposition that substantial compliance with the contact information requirement of the statute is sufficient). While this Court has permitted substantial compliance with respect to OCGA § 44-14-162.2 (a), we have emphasized that it is only permitted under the narrowest of circumstances relating to the listing of the person with authority to modify, negotiate, or amend the terms of the mortgage. *See Peters v. CertusBank Nat. Assn.*, 329 Ga. App. 29, 31-32 (2) (763 SE2d 498) (2014) (physical precedent only); *see also Mbigi v. Wells Fargo Home Mortg.*, 336 Ga. App. 316, 320-31 (1) (b) (785 SE2d 8) (2016) (physical precedent only).

Neither the plain language of the statute nor our prior holdings permit us to do what Dip Lending suggests. *See You v. JP Morgan Chase Bank, N.A.*, 293 Ga. 67, 71

7

(1) (743 SE2d 428) (2013) ("Where the plain language of the statute is clear and susceptible to only one reasonable construction, we must construe the statute according to its terms." (citation omitted)); *see also Ray v. Atkins*, 205 Ga. App. 85, 89 (2) (421 SE2d 317) (1992) ("[OCGA § 44-14-162.2], being in derogation of common law, must be strictly construed according to its terms." (citation omitted)); OCGA § 23-2-114 ("Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised."). Thus, the trial court did not err in finding Dip Lending failed to comply with the notice provisions of OCGA § 44-14-162.2.

1b. Dip Lending contends that because it reasonably relied on the representations made by Tony White, who held himself out as Cleveland's representative and received the notices in that capacity, the trial court erred by concluding that Cleveland was not equitably estopped from asserting that Tony White was not its representative and therefore not entitled to receive statutory notice. We disagree.

As the foreclosing party, Dip Lending owed Cleveland a legal duty to exercise its power of sale fairly and in accordance with statutory and contractual notice requirements. *See Thompson-El*, 327 Ga. App. at 310 (2). It is undisputed that ATA

8

transferred ownership of the Properties to Cleveland and that Dip Lending knew Cleveland was the owner of record for the Properties. Notwithstanding Dip Lending's argument that Tony White held himself out as a representative of Cleveland, Dip Lending does not allege, and the evidence does not show, that Cleveland held Tony White out as its representative or as a party designated to receive notices on its behalf.

Even if the doctrine of equitable estoppel were available, Dip Lending cannot establish that the doctrine should apply here. "In order for an equitable estoppel to arise, there shall generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his or her injury." OCGA § 24-14-29. Additionally, "the party who claims the benefit of estoppel must have acted in good faith and reasonable diligence; otherwise, no equity will arise in his favor[.]" *Yancey v. Harris*, 234 Ga. 320, 323 (216 SE2d 83) (1975) (citation, punctuation, and emphasis omitted).

Regardless of any representations made by Tony White or his attorney, Dip Lending offers no reasonable explanation as to why, despite knowing that Cleveland was the record owner of the Properties, it only sent the notices to ATA, the predecessor in interest, and its agent Tony White, neither of whom had any legal

9

interest in the Properties. *See Roylston v. Bank of Am., N.A.*, 290 Ga. App. 556, 561 (1) (660 SE2d 412) (2008) (concluding the evidence showed that the lender had actual knowledge of the debtor's ownership interest and was therefor required to give him statutory notice). Accordingly, we find no error.

*Case No. A17A1411*

2. Lastly, we see no merit in Cleveland's argument that it was entitled to the equitable remedy of setting aside the foreclosure. It has long been established that "[h]e who would have equity must do equity, and . . . [u]nder [the] application of this maxim, before the complainant would be entitled to equitable relief, [he or] she must do equity and tender the amount due under the security deed and note." *Stewart v. Suntrust Mortg., Inc*., 331 Ga. App. 635, 640 (6) (770 SE2d 892) (2015) (citations and punctuation omitted).

The record reflects that the Properties were encumbered by a lien which was later assigned to Dip Lending. Despite Cleveland's assertions that there is a dispute as to the amounts still owed, the record shows that no payments have been made on the debt since December 2009 and Cleveland has not tendered any amounts owed since that time. Because setting aside a foreclosure sale requires that Cleveland first tender to Dip Lending the amount of principal and interest due, we find no error in

10

the trial court's denial of its motion for summary judgment to set aside the foreclosure. *See Hill v. Filsoof*, 274 Ga. App. 474, 475 (1) (618 SE2d 12) (2005).

*Judgment affirmed. McFadden, P. J., and Branch, J., concur*.