## 43591. ABDALLA v. REAGIN ENTERPRISES, INC.
(347 SE2d 585)

GREGORY, Justice.

Michael J. Abdalla brought suit to set aside a deed to Reagin Enterprises, Inc. The trial court granted summary judgment to Reagin. We affirm.

In a complex three-party transaction, William and Jane Irvin conveyed the land in question to D.C.C.P., Inc. and received a note and deed to secure debt. D.C.C.P., Inc. then exchanged this land for another tract owned by Abdalla and, by agreement of all three parties, Abdalla assumed the obligations under the note and deed to secure debt. When the note was not paid as installments fell due, the Irvins exercised the power of sale contained in the deed to secure debt and thereby conveyed the land by deed to Reagin Enterprises, Inc. It is this latter deed which Abdalla sought to have the court below set aside.

The basis upon which Abdalla claims the deed should be set aside is his failure to receive the 15-day notice required by OCGA § 44-14-162.2. (Fourteen days notice was given.) This contention fails on account of OCGA § 44-14-162.4, which provides that a deed under power shall contain a recital setting forth the giving of the 15-day notice. The effect of the recital is to "protect the validity of the title of any subsequent purchaser in good faith other than the lender." This deed contained such a recital. The record indicates Reagin acted in good faith and no one contends otherwise. Abdalla would have us construe the section so that "subsequent purchaser" does not include the purchaser at the sale under power, but only those taking under him. We decline to construe the section in that manner. On the contrary, by specifically excluding the "lender" as a beneficiary of the section an indication exists the legislature intended to include other purchasers at a sale under power. The protection given by the section encourages the free alienation of property. Our construction furthers that end.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 3, 1986.

*Paul R. Koehler,* for appellant.
*Fockele & Gosselin, Mark Fockele, David R. Perry, Frank W. Armstrong, Stern & Funk, Lee S. Goldstein,* for appellee.

*Judgment affirmed. All the Justices concur.*