S91A1632. McCOLLUM v. POPE et al.
S91A1633. FIRST AMERICAN BANK OF GEORGIA, N.A. v. POPE et al.
(411 SE2d 874)

WELTNER, Presiding Justice.

Upon the default by the grantor of a security deed, the grantee initiated a sale under power contained in the deed. It is undisputed that the grantee mailed a notification of the sale under power correctly addressed to the grantor in accordance with OCGA § 44-14-162.2.[1] Under these circumstances, the actual receipt (or want of re-

---

[1] (a) Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 15 days before the date of the proposed foreclosure. Such notice shall be in writing and shall be sent by registered or certified mail, return

ceipt) by the grantor of the notice of sale under power is immaterial to the right of the grantee to sale under power.

The judgment of the trial court to the contrary must be reversed.

*Judgment reversed. Clarke, C. J., Bell, Hunt, Fletcher, JJ., and Judge John W. Sognier concur. Benham, J., disqualified.*

DECIDED JANUARY 17, 1992 —
RECONSIDERATION DENIED FEBRUARY 5, 1992.

*Schwall & Ruff, Emory A. Schwall, Frederick B. Whittington III, Donald L. Mize,* for appellants.
*Jerome C. Ware,* for appellees.

---

receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. *The notice required by this Code section shall be deemed given on the official postmark day.*
(b) The notice required by subsection (a) of this Code section shall be given by mailing to the debtor a copy of the published legal advertisement or a copy of the notice of sale submitted to the publisher. [Emphasis supplied.]

Before the enactment of OCGA § 44-14-162.2 in 1981, foreclosure required only notice by publication. OCGA § 44-14-162. See *Nat. Community Builders v. C & S Nat. Bank*, 232 Ga. 594 (207 SE2d 510) (1974) (foreclosure pursuant to realty foreclosure statutes does not violate procedural due process rights).