## A02A0196. ARRINGTON et al. v. REYNOLDS.

(564 SE2d 870)

ELLINGTON, Judge.

Susan and Tommy Lee Arrington filed suit to set aside a foreclosure sale and deed under a power of sale on the ground that their lender failed to give them proper notice prior to selling the property to the defendant, Mack Reynolds. Reynolds counterclaimed for rent and sought expenses of litigation. Following a bench trial, the court ruled in favor of Reynolds, and the Arringtons appealed. Finding no error, we affirm.

The record reveals these relevant facts. The Arringtons were behind in their mortgage payments and in default under the terms of their mortgage. The lender, who was dismissed as a party to this suit, sent a certified letter of its intent to foreclose on the property to the Arringtons' post office box address on file. This notice was mailed on July 20, 2000, more than 15 days before the September 5, 2000 foreclosure sale. Notice of the sale was also published in the local newspaper.

Although the Arringtons denied receiving the certified letter, it is undisputed that the letter arrived at Susan Arrington's post office box, that the postal service twice notified her of the letter's presence, and that the postal service returned the letter to the lender two weeks later as "unclaimed." Susan Arrington, who was responsible for the mortgage payments, denied forwarding her mail to the post office box address and initially swore that she never had a post office box. However, the record reveals that Susan Arrington rented the post office box to which the notice was sent and that she signed an order forwarding her mail there. Susan Arrington also later opened a second post office box and forwarded mail from her old post office box to the new one. Further, Reynolds adduced evidence showing that Susan Arrington forged her husband's name to a quitclaim deed, transferring the property to herself alone. Tommy Lee Arrington contended that his wife did this so that it would be easier for them to refinance the mortgage. She did this just months before she stopped making payments on the mortgage.

Reynolds bought the Arringtons' property at the foreclosure sale. The deed stated that the lender had given notice "by registered or certified mail, return receipt requested to the property address, or to such other address as the debtor or other person may have designated by written notice" to the lender. The Arringtons stipulated that Reynolds was a bona fide purchaser in good faith. After Reynolds took title to the property, he obtained a writ of dispossession. The Arringtons did not appeal that final judgment. Nevertheless, they remained on the property for five months without paying rent.

Given this evidence, the trial court refused to set aside the fore-

closure sale and deed. Further, the court found that Susan Arrington provided false and misleading information in her deposition, the Arringtons acted in bad faith by unreasonably and wilfully refusing to surrender the property, and they had been stubbornly litigious. The court awarded Reynolds $6,000 as the reasonable rental value of his property, plus $4,500 in attorney fees.

1. The trial court properly refused to set aside the foreclosure sale and deed under a power of sale on the basis that the lender failed to give the Arringtons the requisite 15-day notice under OCGA § 44-14-162.2. It was not necessary for Reynolds to show that the Arringtons actually received the certified letter. The failure to accept registered or certified mail is equivalent to receipt in this context, given proper addressing and mailing. See, e.g., *McCollum v. Pope,* 261 Ga. 835-836 (411 SE2d 874) (1992) (actual receipt of OCGA § 44-14-162.2 notice of initiation of proceedings to exercise the power of sale in a mortgage, security deed, or other lien contract is immaterial to right of grantee to sale under power). The record supports a finding that the certified letter was properly addressed and mailed. Moreover, because the deed in question contained the requisite recitals pertaining to the statutory 15-day notice, Reynolds is insulated from claims that the lender's notice was insufficient. Such recitals in the deed pursuant to OCGA § 44-14-162.4 protect "the validity of the title of any subsequent purchaser in good faith other than the lender." Id. See *Abdalla v. Reagin Enterprises,* 256 Ga. 279 (347 SE2d 585) (1986). Because Reynolds was such a purchaser, the Arringtons' claim of insufficient notice is unavailing as to him.

2. The evidence supports the trial court's award of $6,000 in rent. The record supports a finding that a reasonable rent for the property was $1,200 per month and that the Arringtons occupied it for five months after Reynolds was legally entitled to take possession. See *Jefferson v. Kennedy,* 41 Ga. App. 672 (2) (154 SE 378) (1930) ("A tenant at sufferance is liable for the reasonable rental value of the premises.").

3. The trial court properly awarded Reynolds attorney fees under OCGA § 13-6-11 on his independent counterclaim for rent. The record reveals some evidence supporting the court's finding that the Arringtons were stubbornly litigious and acted in bad faith. *Witty v. McNeal Agency,* 239 Ga. App. 554, 557 (1) (c) (521 SE2d 619) (1999).

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED MAY 8, 2002.

*Jerry D. Sanders*, for appellants.
*Wood, Odom & Edge, Arthur B. Edge IV*, for appellee.