## S05A0714. PARKS v. BANK OF NEW YORK.
### (614 SE2d 63)

HINES, Justice.

In this appeal, the plaintiff debtor challenges, on procedural due process grounds, the constitutionality of OCGA § 44-14-162.2,[1] which provides for mailing or delivering notice to the debtor of a sale made on foreclosure under power of sale. Finding the challenge to be without merit, we affirm the judgment in favor of the defendant security deed holder.

The following is undisputed. On October 27, 1997, Mary Parks ("Parks") executed and delivered to TMS Mortgage, Inc. d/b/a The Money Store ("TMS") a note in the original principal amount of $52,500. To secure the indebtedness evidenced by the note, Parks also executed and delivered a security deed in favor of TMS regarding certain real property located in Fulton County. Bank of New York ("Bank") subsequently became the owner and holder of the note and security deed.

Following Parks's default under the note and security deed, the Bank elected to foreclose on the property pursuant to the power of sale provision in the security deed. On or about December 4, 2002, a letter was sent to Parks, via certified mail, return receipt requested, giving her notice of the foreclosure sale. The certified mail receipt was signed.[2] Following advertisement of the property, the foreclosure sale occurred on January 7, 2003, and the property was sold to Branzak Investments, LLC ("Branzak"). The Bank executed and delivered to Branzak a deed under power of sale to the property.

Thereafter, Branzak filed a dispossessory action in the Magistrate Court of Fulton County demanding that Parks deliver possession of the property. Parks refused to vacate the property and filed the present action against the Bank in the Superior Court of Fulton County asking for equitable relief to set aside the sale and alleging

---

[1] OCGA § 44-14-162.2 provides:

(a) Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 15 days before the date of the proposed foreclosure. Such notice shall be in writing and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm.

(b) The notice required by subsection (a) of this Code section shall be given by mailing or delivering to the debtor a copy of the published legal advertisement or a copy of the notice of sale submitted to the publisher.

[2] Parks claims that she never received the notice, and that someone unknown to her signed the certified letter receipt.

wrongful foreclosure. The Bank moved for summary judgment. Parks amended her complaint to add, inter alia, a claim that the notice provisions of OCGA § 44-14-162.2 violated rights to due process under the State and Federal Constitutions. Parks then moved for summary judgment, arguing that "OCGA § 44-14-162.2 does not afford a Georgia Mortgagees [sic] due process, as required by the Federal and State Constitutions, in ensuring that Mortgagees receive actual notice of a pending foreclosure sale of their home." The superior court denied Parks's motion for summary judgment and granted summary judgment to the Bank.

Parks contends that OCGA § 44-14-162.2 does not comport with Federal and State due process standards because it does not ensure that there is "actual notice," i.e., actual receipt. But the contention is wholly unavailing.

In the context of OCGA § 44-14-161, which requires judicial approval of foreclosure sales under power of sale in order to obtain a deficiency judgment, this Court has clearly held that there is insufficient state action in the Georgia foreclosure procedure so as to leave it vulnerable to an attack on the ground that it is violative of constitutional due process. *Alliance Partners v. Harris Trust & Sav. Bank*, 266 Ga. 514, 515 (1) (467 SE2d 531) (1996); *Coffey Enterprises Realty &c. Co. v. Holmes*, 233 Ga. 937, 939 (2) (213 SE2d 882) (1975). This is so because "the power of sale 'is a purely contractual matter between two parties in the exercise of private property rights.'" *Alliance Partners v. Harris Trust & Sav. Bank*, supra at 515 (1).

> The foreclosure sale is permitted under a power contained in a contract between the lender and debtor; the state does not become involved in the process until the foreclosing party seeks to recover the difference in the money owed under the contract and the amount obtained at the foreclosure sale. If no deficiency exists after the sale, judicial review is unnecessary.

Id. There is no state action involved in OCGA § 44-14-162.2. The statute merely provides the mechanism for giving notice to the debtor, as defined in OCGA § 44-14-162.1, of the foreclosure under power of sale.

However, pretermitting the issue of the lack of state action in this attempted procedural due process challenge, the appeal suffers from other infirmities. The gravamen of Parks' argument is that OCGA § 44-14-162.2 compromises the rights of "mortgagees" like herself. In fact, she relies upon *Mennonite Bd. of Missions v. Adams*, 462 U. S. 791 (103 SC 2706, 77 LE2d 180) (1983), and other authority dealing with notice requirements in regard to mortgagees in support of her

proposition that the statute's notice provisions are constitutionally inadequate. Yet, Parks as the borrower and the grantor of the security deed is certainly not in the position of a "mortgagee" in this case. See OCGA § 44-14-162.1; *Arp v. United Community Bank*, 272 Ga. App. 331 (612 SE2d 534) (2005). Even assuming arguendo, the applicability of *Mennonite*, it does not require "actual notice," as that concept is framed by Parks, but rather affirms the holding in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306, 314 (70 SC 652, 94 LE 865) (1950), that notice must be "reasonably calculated" under the circumstances to apprise the interested parties of the proceeding and afford them an opportunity to present their objections. *Mennonite Bd. of Missions v. Adams*, supra at 795.[3]

In *McCollum v. Pope*, 261 Ga. 835 (411 SE2d 874) (1992), this Court plainly determined that when the grantee in a security deed mails a notification of the sale under power correctly addressed to the grantor of the security deed in accordance with the provisions of OCGA § 44-14-162.2, the actual receipt, or want of receipt, by the grantor is immaterial to the right of the grantee to sale under power. We decline Parks's invitation to invalidate *McCollum* and its progeny. See *Alliance Partners v. Harris Trust & Sav. Bank*, supra at 515 (1).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 6, 2005.

■

*Baum & McGahren, Matthew F. McGahren, Andrew T. Ordyna,* for appellant.
*Morris, Schneider & Prior, Kyle S. Kotake,* for appellee.

---

[3] Parks also cites certain authority from sister states in support of the proposition that actual receipt of notice is required, but the cases are inapposite. They do not involve situations of non-judicial foreclosure.