A06A2413. WESTER v. UNITED CAPITAL FINANCIAL OF ATLANTA, LLC.

(638 SE2d 779)

BLACKBURN, Presiding Judge.

In this interpleader action to distribute excess funds ($73,275.15) received by the county from a tax sale of certain real property, Thomas A. Wester as a judgment lienholder on the property appeals summary judgment granted to a fellow lienholder (United Capital Financial of Atlanta, LLC), who for $97,200 had redeemed the property from the tax sale. Wester argues that because his judgment lien on the property was prior in time to the judgment lien of United Capital, he should be entitled to the excess funds before any are distributed to United Capital. We hold that as the redeemer of the property, United Capital is entitled to the excess funds to the extent of its redemption payment before any other entity or interest. Accordingly, we affirm summary judgment in favor of United Capital.

Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[2]

The undisputed facts show that in February 2000 in Paulding County Superior Court, Wester obtained a judgment against a Paulding County real property owner and had a writ of fi. fa. in the amount of $59,508.95 entered on the county general execution docket. Another creditor of the property owner obtained a judgment in May 2000 (a subsequent term of court) and had a writ of fi. fa. in the amount of $5,135.53 entered on the county general execution docket at that time. This later judgment and fi. fa. were subsequently assigned to United Capital.

To collect past due taxes, the Paulding County tax commissioner sold the real property at a tax sale in February 2005 for $81,000 to a tax sale purchaser. United Capital paid $97,200 to the tax sale purchaser to redeem the property, resulting in the tax sale purchaser conveying the property back to the property owner in a properly recorded quitclaim deed. After satisfying the tax debt, the tax commissioner had $73,275.15 left over from the tax sale, which the tax commissioner interpleaded into Paulding County Superior Court,

---

[1] OCGA § 9-11-56 (c).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

naming the property owner, Wester, and United Capital as defendants. Wester and United Capital both moved for summary judgment.[3] Denying Wester's motion, the court granted United Capital summary judgment and ordered that the funds in the court registry be paid to United Capital, giving rise to this appeal.

OCGA § 48-4-5 governs the distribution of excess funds from a tax sale. Subsection (b) provides that the tax commissioner may file an interpleader action in superior court for the payment of the amount of such excess funds and instructs that "[s]uch excess funds shall be distributed by the superior court to the intended parties, including the owner, as their interests appear and in the order of priority in which their interests exist." If the only interests of Wester and United Capital were as judgment lienholders, then the timing of the obtaining and recording of those liens would be dispositive in determining their relative rights to the funds. Cf. *NationsBank, N.A. v. Gibbons*[4] ("the relative position of judgment liens is determined by seniority; an older Georgia judgment has priority over a newer judgment").

But United Capital's primary interest in this matter is its status as the redeemer of the property. OCGA § 48-4-43 provides:

> When property has been redeemed, the effect of the redemption shall be to put the title conveyed by the tax sale back into the defendant in fi. fa., subject to all liens existing at the time of the tax sale. If the redemption has been made by any creditor of the defendant or by any person having any interest in the property, the amount expended by the creditor or person interested shall constitute a first lien on the property and, if the quitclaim deed provided for in Code Section 48-4-44 is recorded as required by law, shall be repaid prior to any other claims upon the property.

Thus, in its status as redeemer of the property, United Capital has a first lien on the property in the amount of the $97,200 it paid to redeem the property (which lien is in addition to its more subordinate judgment lien for $5,135.53), which first lien "shall be repaid prior to any other claims upon the property." Id. As stated by the Supreme Court of Georgia in *Nat. Tax Funding v. Harpagon Co.*,[5] "[i]f a creditor of the original taxpayer redeems the property, the amount paid by the

[3] Due to a bankruptcy consent order with the property owner arising out of the property owner's bankruptcy, Wester asked that the first $21,200 be paid to the property owner as an exempt asset and that Wester receive the remainder.

[4] *NationsBank, N.A. v. Gibbons*, 226 Ga. App. 610, 611 (487 SE2d 417) (1997).

[5] *Nat. Tax Funding v. Harpagon Co.*, 277 Ga. 41, 42 (1) (586 SE2d 235) (2003).

redeeming creditor becomes a first lien on the property. The redeeming creditor then has first priority to repayment — a 'super-lien' for the redemption price." Wester's assertion that United Capital is only entitled to priority on the real property per se and not on the excess funds is without foundation. United Capital's right to repayment, whether from the excess tax sale funds or from any foreclosure it may pursue on the property, takes priority over any other claims on the property.

Accordingly, the trial court properly held that United Capital's interest as the redeeming creditor took priority over Wester's and the property owner's interests and that therefore United Capital should be granted summary judgment. Because the amount of United Capital's interest exceeded the amount held in the registry of the court, the trial court correctly ordered that the entire amount be paid to United Capital.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 2, 2006 —
RECONSIDERATION DENIED NOVEMBER 15, 2006 —

*Thomas C. Sanders*, for appellant.
*Vinson, Talley, Richardson & Cable, William T. Cable, Jr., Mason B. Rountree, Willie C. Carouthers*, for appellee.

