A07A1556. JACKSON v. BANK ONE et al.
A07A1573. JACKSON v. DOCSOL ASSOCIATES, LLC et al.
(652 SE2d 849)

ADAMS, Judge.

Milton Jackson brought an action against a number of defendants to set aside a foreclosure sale of his mortgaged property under power of a security deed. The trial court granted summary judgment to assignees of the security interest, including Bank One (Case No. A07A1556), as well as to the purchaser at the foreclosure sale, Docsol Associates, LLC (Case No. A07A1573), on the ground that Bank One had provided sufficient notice of the sale. Jackson appeals, and we affirm in both cases.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

The relevant facts are not in dispute. In June 2000, Jackson executed and delivered a note for $66,500 and a security deed

conveying real property misidentified as "4273 Chamblee Tucker Road, Tucker, Georgia 30084" to Realty Mortgage Corporation. The legal description referenced in the deed, however, properly identified the property as "4273 Chamblee-Tucker Road, *Doraville*, Georgia (formerly known as 4927 Tucker-Chamblee Road, Tucker, Georgia.[)]" (Emphasis supplied.) On July 11, 2000, Realty Mortgage Corporation assigned the note and deed to GMFS, LLC, which assigned them in turn to Bank One. Homecomings Financial soon began servicing the loan on Bank One's behalf. In the course of a March 2001 telephone conversation concerning his loan, Jackson provided Homecomings with the property's correct address and zip code. Homecomings then began to send monthly statements to this address. The assignment to Bank One was not recorded until March 2003.

On June 28, 2004, Bank One's counsel sent a certified letter notifying Jackson that he was in default on the loan, that repayment was now accelerated, and that a foreclosure sale was scheduled for August 3. The letter was sent to the nonexistent property address listed on the note and deed, however, and Jackson never received it. After Docsol Associates purchased the property at the foreclosure sale conducted under power of deed, Jackson brought this action to set aside.

1. The crux of this appeal is Jackson's contention that Bank One provided inadequate notice of the acceleration and foreclosure sale when counsel mailed the letter of June 28, 2004 to a nonexistent address. We disagree.

OCGA § 44-14-162.2 provides in relevant part:

(a) Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 15 days before the date of the proposed foreclosure. *Such notice shall be in writing and shall be sent* by registered or certified mail or statutory overnight delivery, return receipt requested, *to the property address or to such other address as the debtor may designate by written notice to the secured creditor. . . .*

(Emphasis supplied.)

Here, the note and the security deed both listed a nonexistent address as the "property address," and it is undisputed that Jackson did not send written notice of the corrected address to Bank One or any of its agents. Jackson cannot complain that the holders of the note and deed did wrong by sending notice of the foreclosure sale to the

property address as entered on instruments he executed and delivered. Bank One's notice was sent to the address specified by the statute, and was therefore reasonably calculated to apprise Jackson of the foreclosure.[1] See *Zeller v. Home Fed. Sav. &c.*, 220 Ga. App. 843, 845 (1) (471 SE2d 1) (1996) (mere oral notification of alternate address does not obligate mortgagee to send notice of foreclosure sale to that address); see also *Parks v. Bank of New York*, 279 Ga. 418, 420 (614 SE2d 63) (2005), approving *McCollum v. Pope*, 261 Ga. 835 (411 SE2d 874) (1992) ("correctly addressed" mailing to grantor of security deed is sufficient to provide notice; grantor's "actual receipt" is "immaterial" to grantee's right to sale under power).

2. Citing OCGA § 44-2-2 (b), Jackson also argues that neither Bank One nor Docsol's titles are valid because both parties had notice of a previously recorded assignment of the note and deed by GMFS to another entity not named or joined in this action.[2] Again, we disagree.

As OCGA § 44-2-2 (b) declares, its purpose is to protect "the interests of *third parties* who have acquired a transfer or lien binding the same property and who are acting in good faith and without notice." (Emphasis supplied.) The last subsection of the same statute provides, moreover, that "[n]othing in this Code section shall be construed to affect the validity or force of any deed, mortgage, judgment, or lien of any kind *between the parties thereto*." (Emphasis supplied.) OCGA § 44-2-2 (c). In other words, "the penalty of failure to record a deed . . . has reference only to the rights of a subsequent vendee, taking a deed from the same vendor without notice of the existence of the prior unrecorded deed." *Caldwell v. Northwest Atlanta Bank*, 194 Ga. 370, 374 (1) (21 SE2d 619) (1942); see also *Corbin v. Shadburn*, 49 Ga. App. 91 (174 SE 259) (1934) (grantee of a security deed "is under no duty to the grantor to have the deed recorded"; as between the original parties, the deed is "valid irrespective of whether it is recorded or not").

As the original grantor and mortgagor, Jackson cannot assert an absent grantee's priority to escape the consequences of his own failure to provide a correct property address to all future holders of the note and deed. See *Caldwell*, 194 Ga. at 376-378 (sustaining demurrer to materialmen's suit to set aside sale under power of

---

[1] Jackson also argues that he was released from the requirement of providing written notice of a change in the property address because neither the note nor the security deed required such notice. This argument is belied by the record, which shows that both the note and the deed required Jackson to send his own notices "by first class mail."

[2] On November 28, 2000, as recorded on December 1, 2000, GMFS, which had previously assigned the note and deed to Bank One, purportedly assigned them to HSA Residential Mortgage Services of Texas, Inc.

security deed in favor of their judgment liens). The trial court did not err when it granted summary judgment to the defendants.

*Judgments affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 10, 2007

*Kimberly A. Dymecki, Michael P. Froman*, for appellant.
*Morris, Schneider & Prior, Kyle S. Kotake, Fred J. Rushing, Jr.*, for appellees.