[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14131
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-01932-AT

ASHLEY EASON,

Plaintiff - Appellant,

versus

PNC BANK, NATIONAL ASSOCIATION,
FEDERAL HOME LOAN MORTGAGE CORPORATION,

Defendants - Appellees,

NATIONAL CITY BANKCORP, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 12, 2015)

Before MARCUS, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

This is an appeal from district court orders granting a motion to dismiss and a motion for summary judgment. After consideration of the briefs and review of the record, we affirm.

Ashley Eason obtained a mortgage loan secured by a security deed granting a security interest in her home, located at 171-173 Battery Place NE, Atlanta, Georgia, 30307. This was also the notice address contained in the security deed. At all times relevant to these proceedings, PNC Bank, N.A. (PNC) has held the interest in the home under the security deed.

After Eason defaulted on her loan, PNC mailed a notice of default to Eason. Because Eason was unable to cure the delinquency, she and PNC entered into a forbearance agreement requiring Eason "to either pay the loan in full, reinstate the entire delinquency, enter into a loan modification agreement or enter into a Repayment Plan." The forbearance agreement did not require PNC to approve any loan modification or repayment plan. PNC declined to approve Eason's requests for a loan modification. After the close of the forbearance period, PNC sent Eason two notices via both first class and certified mail informing her that her home was scheduled for a foreclosure sale. One notice was addressed to 173 Battery Pl NE, Atlanta, Georgia, 30307, and the other was addressed to 171-173 Battery Pl NE,

2

Atlanta, Georgia, 30307, which was the address specified in the security deed. The certified mail copies of both notices were returned to PNC; Eason did not receive either notice. She did not receive actual notice of the sale until after it occurred.

Eason filed a complaint in state court, which was removed to the district court, alleging nine counts, all of which were eventually dismissed after PNC filed motions to dismiss and for summary judgment. Judgment was entered for PNC and against Eason. Eason appeals the dismissal of counts alleging breach of contract and wrongful foreclosure. We review orders granting motions to dismiss de novo. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1326 (11th Cir. 2004). Ditto for summary judgment grants. *Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005) (per curiam).

In her complaint, Eason alleged that "PNC failed to provide [Eason] with an opportunity to reinstate the loan and failed to comply with the terms of the Forbearance Agreement." Nonetheless, her initial default gave PNC the right to enforce the security deed's power of sale, and the forbearance agreement did not require PNC to reinstate the loan, even if Eason complied with its terms. The court therefore properly dismissed the breach of contract count for failure to state a claim. Eason now argues on appeal that PNC failed to comply with the terms by failing to *review* her applications for loan modification. Because she failed to raise

3

this argument in the district court, we will not consider it now.  *See Access Now, Inc.*, 385 F.3d at 1331.

The district court granted summary judgment on the wrongful foreclosure claim, holding that the security deed was valid and enforceable and that PNC complied with notice requirements for the foreclosure sale.  Eason argues that the security deed did not comply with Ga. Code Ann. §§ 44-5-30, 44-14-33.  However, those requirements are prerequisites to the recordation of the security deed; failure to comply with those sections does not negate the validity, as to the parties, of the security deed.  *See Lionheart Legend, Inc. v. Norwest Bank Minn. N.A.*, 560 S.E. 2d 120, 124 (Ga. Ct. App. 2002).  In addition, notice was sufficient.  Georgia law only requires the grantee in a security deed to mail notice according to Ga. Code Ann. § 44-14-162.2; whether the grantor receives notice is "immaterial to the right of the grantee to sale under power."  *See Parks v. Bank of N.Y.*, 614 S.E. 2d 63, 65 (Ga. 2005).

**AFFIRMED.**

4