**February 20, 2018**

# In the Court of Appeals of Georgia

A17A1850. SUNTRUST BANK v. TODD COWAN, AS TAX COMMISSIONER FOR DOUGLAS COUNTY et al.

REESE, Judge.

SunTrust Bank ("SunTrust") appeals the trial court's order disbursing excess tax sale funds in this interpleader action. SunTrust asserts that the trial court erred in finding that J. Michael Vince, LLC ("JMV") had a priority interest in the excess funds and disbursing those funds to JMV. For the reasons set forth, infra, we reverse and remand.

The record shows that on October 12, 2011, SunTrust obtained a security deed in the amount of $246,535.26 on the real property located at 1000 Landon Drive Douglasville ("the Property"), granted by Regina Jordan.[1] On March 3, 2015, Douglas

---

[1] Regina Jordan is not a party to this appeal.

County conducted a tax sale of the Property. ACS Burton, LLC purchased the Property at the tax sale. On April 1, 2015, the Mirror Lake Community Association, Inc. ("the MLCA") executed and recorded a notice of lien on the Property in the amount of $1,237.19. The record contains a document dated April 14, 2015, appearing to assign the MLCA lien on the Property to JMV.

On April 15, 2015, a redemption quitclaim deed from ACS Burton, LLC and in favor of Regina Jordan was recorded in Douglas County. In June 2015, the Douglas County Tax Commissioner filed an interpleader action in the Superior Court of Douglas County stating that the Property sold for "$165,000, leaving excess funds in the amount of $152,232.58" and deposited the excess funds into the court's registry. Both SunTrust and JMV timely filed answers to the interpleader seeking the excess funds and claiming first priority lienholder status.

The trial court, on October 26, 2015, issued a "Final Order" awarding the Douglas County Tax Commissioner $1,240 in attorney fees and the remaining excess funds totaling $150,992.58 to JMV. The trial court explicitly relied on *Wester v. United Capital Financial of Atlanta,*[2] and *United Capital Financial of Atlanta v.*

---

[2] 282 Ga. App. 392 (638 SE2d 779) (2006), overruled by *DLT List v. M7VEN Supportive Housing & Dev. Group*, 335 Ga. App. 318, 323 (1) (779 SE2d 436) (2015), aff'd by *DLT List v. M7VEN Supportive Housing & Dev. Group*, 301 Ga. 131,

*American Investment Assoc.*[3] as controlling legal authority. Just two weeks later, however, this Court unanimously overruled *Wester* and *United Capital* in *DLT List v. M7VEN Supportive*, ("*DLT List I*").[4] This Court held that as to excess tax sale funds, a redeeming creditor can only make a claim for the funds in the amount of the pre-tax sale lien that gave it the right to redeem.[5]

On April 29, 2016, SunTrust filed a motion to set aside the "Final Order," because the bank never received the "entered order." Pursuant to OCGA § 9-11-60 (g), the trial court vacated the "Final Order" on May 12, 2016. SunTrust filed a motion to compel JMV to return the excess funds to the court's registry, and JMV filed a motion to reinstate the "Final Order."

On September 6, 2016, the Supreme Court of Georgia granted a writ of certiorari in *DLT List I*.[6] On September 14, 2016, JMV moved the trial court to stay

---

132 (800 SE2d 362) (2017).

[3] 302 Ga. App. 400 (691 SE2d 272) (2010), overruled by *DLT List,* 335 Ga. App. at 323 (1), aff'd by *DLT List*, 301 Ga. at 132.

[4] *DLT List*, 335 Ga. App. 318 (779 SE2d 436) (2015).

[5] *DLT List*, 335 Ga. App. at 323 (1).

[6] See *DLT List v. M7VEN Supportive Housing & Dev. Group*, S16C0646 (September 6, 2016).

3

the proceedings until the Supreme Court of Georgia ruled on *DLT List I*, acknowledging that "that decision may directly affect the outcome of the instant matter."

The trial court held a hearing to address the three motions. After the hearing, the trial court issued an order, dated September 26, 2016: (1) granting SunTrust's motion to compel payment of the excess funds into the registry of the trial court or post a bond; (2) granting JMV's motion to stay the proceedings until the Supreme Court of Georgia ruled in *DLT List I*; and (3) denying JMV's motion to reinstate the "Final Order."

On January 24, 2017, JMV filed a motion seeking to dismiss the entire case or alternatively reinstate the "Final Order," informing the trial court that it had already spent the excess funds "in the ordinary course [of business] without any information on SunTrust's concerns." The trial court denied the motion to dismiss the action but granted JMV's request to re-enter the "Final Order." This appeal followed.

Whether JMV has a priority interest in the excess funds pursuant to statutory authority is a question of law, which we review de novo.[7] With this guiding principle in mind, we turn now to SunTrust's specific claims of error.

As an initial matter, the Supreme Court of Georgia issued an opinion in *DLT List v. M7VEN Supportive Housing & Dev. Group*, ("*DLT List II*")[8] on May 15, 2017, which affirmed this Court's opinion *DLT List I*, but under a different rationale.[9] Thus, "a redeeming creditor of a tax sale property does not have a priority lien against excess funds arising from that sale."[10]

SunTrust asserts that the trial court erred in finding that JMV had a priority interest in the excess funds. We agree and therefore reverse the judgment and remand this case.

---

[7] See *Bridges v. Collins-Hooten*, 339 Ga. App. 756, 758 (1) (792 SE2d 721) (2016).

[8] 301 Ga. 131 (800 SE2d 362) (2017).

[9] *DLT List*, 301 Ga. at 136 (1) (following a tax sale, *Nat. Tax Funding, v. Harpagon Co.*, 277 Ga. 41 (586 SE2d 235) (2003), does not apply to the distribution of excess tax sale funds amongst competing lienholders).

[10] *DLT List*, 301 Ga. at 136 (2) (punctuation omitted).

The Supreme Court of Georgia has declined to "adopt a rule of universal retroactivity in all civil cases."[11] Instead, to determine whether to default to the rule of retroactivity,

> Georgia courts assess three factors: (1) whether the decision in question established a new principle of law either by overruling past precedent or deciding an issue of first impression, the resolution of which was not clearly foreshadowed; (2) whether retroactive application would further or retard the operation of the rule in question; and (3) whether retroactive application would result in substantial inequitable results.[12]

In *DLT List I*, this Court did not create new law; rather, it corrected a judicial misconstruction and misapplication of an existing law. Further, this Court's opinion did not state that the ruling should not be applied retroactively or that it should only be applied in a pure or selective prospective manner.[13]

As for the second *Findley* factor, our Supreme Court addressed the issue of whether the reversal of *Wester* and *United Capital* would "disrupt the law and prove

---

[11] *Findley v. Findley*, 280 Ga. 454, 460 (1) (629 SE2d 222) (2006).

[12] *Atlanta Oculoplastic Surgery, P.C. v. Nestlehutt*, 286 Ga. 731, 738 (3) (691 SE2d 218) (2010) (citations omitted).

[13] See *Findley*, 280 Ga. at 460-461 (1).

problematic" to those who relied on those cases.[14] The Court stated that *Wester*, which "extended the lien priority in OCGA § 48-4-43 to the distribution of excess tax sale funds, was decided only ten years ago and with very little analysis. Moreover, the [*Wester*] decision has proven unworkable because of the year-long redemption window in OCGA § 48-4-40."[15]

Finally, applying the decision in *DLT List I* would not result in a substantially inequitable outcome for either party. As shown above, two weeks after the initial Final Order was issued, this Court unanimously overruled *Wester* and *United Capital*, the cases on which the trial court relied. Also, less than a year after the Final Order was initially issued, the Supreme Court granted certiorari in *DLT List I*. After the grant of certiorari, JMV moved the trial court to stay the proceedings, specifically acknowledging that the Supreme Court's decision might affect the outcome of the proceedings.

Consequently, JMV can not show justifiable or "good faith reliance"[16] on *Wester* and *United Capital*. For the same reasons, we find no merit to JMV's claims

---

[14] *DLT List II*, 301 Ga. at 135 (2).

[15] Id. (punctuation omitted).

[16] See *Findley*, 280 Ga. at 456 (1), 462 (1).

(1) that it had "vested" rights to the excess funds or (2) that the issue was moot because it had already spent the funds. Therefore, we reverse the Final Order and remand this action to the trial court for further consideration in light of the holdings in *DLT List I and II*.

*Judgment reversed and case remanded. Miller, P. J., and Doyle, P. J., concur.*