[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11285
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-02686-WSD

JOHN QUARLES,

Plaintiff-Appellant,

versus

NATIONSTAR MORTGAGE, LLC,
FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE),

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 7, 2019)

Before TJOFLAT, WILLIAM PRYOR and GRANT, Circuit Judges.

PER CURIAM:

John Quarles appeals *pro se* the District Court's grant of summary judgment in favor of Nationstar Mortgage, LLC ("Nationstar") and the Federal National Mortgage Association ("Fannie Mae") (collectively, "the appellees") in his wrongful-foreclosure action alleging violations of O.C.G.A. §§ 44-14-162 and 44-14-162.2, state contract law, the Home Affordable Modification Program ("HAMP"), and Regulation X, 12 C.F.R. § 1024.41.  On appeal, Quarles argues that the appellees violated O.C.G.A. §§ 44-14-162 and 44-14-162.2 and breached the contractual obligations under his security deed by failing to provide sufficient notice of their intent to foreclose on his property, and that they breached their contractual duties and the implied covenant of good faith and fair dealing owed to him under the HAMP modification guidelines and Regulation X.  For the reasons explained below, we affirm.[1]

## I.

We review a grant of summary judgment *de novo*, drawing all inferences in the light most favorable to the non-moving party.  *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1253 (11th Cir. 2015).  Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A genuine factual dispute exists where a reasonable fact-finder could find by a

---

[1] Because we write for the parties, we set out only what is necessary to explain our decision.

preponderance of the evidence that the non-moving party is entitled to a verdict. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012).

## II.

## A.

Quarles contends that appellees committed wrongful foreclosure. Under Georgia law, a claim for wrongful foreclosure requires a showing of (1) a legal duty owed by the foreclosing party to the plaintiff, (2) a breach of that duty, (3) a causal connection between the breach and the plaintiff's injury, and (4) damages. *DeGolyer v. Green Tree Servicing, LLC*, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008). Though his brief is unclear on this point, it appears that Quarles's wrongful-foreclosure claim is predicated on three alleged violations of O.C.G.A. §§ 44-14-162 and 44-14-162.2. We consider these alleged violations in turn.

Quarles first argues that appellees violated O.C.G.A. § 44-14-162(a) because he never received notice of the foreclosure sale. Under § 44-14-162(a), a foreclosure sale is not valid "unless notice of the sale shall have been given as required by Code Section 44-14-162.2." O.C.G.A. § 44-14-162(a). Quarles reads this section to require that the debtor have actually received notice prior to the foreclosure sale; as he argues, "[n]otice **sent** is not equivalent to notice **given**." Appellant's Br. at 9. But the Supreme Court of Georgia has held that "the actual receipt (or want of receipt) by the grantor of the notice of sale under power is

3

immaterial to the right of the grantee to sale under power." *McCollum v. Pope*, 411 S.E.2d 874, 874 (Ga. 1992). Here, it is undisputed that appellees mailed the foreclosure notice in accordance with the procedures outlined in O.C.G.A. § 44-14-162.2(a). Accordingly, Quarles's argument that the sale is invalid because he didn't actually receive notice is without merit.

Next, Quarles argues that appellees violated O.C.G.A. § 44-14-162 because the foreclosure sale was not properly advertised. As the District Court found, the evidence on this point is undisputed and indicates that appellees did properly advertise the sale. It appears, moreover, that Quarles held this position in the District Court: though he formally objected to the Magistrate Judge's conclusion on this point, he seemed to agree with the Magistrate in his Opposition to Appellees' Motion for Summary Judgment:

> The Defendants claim it is undisputed that the nonjudicial foreclosure sale was "advertised and conducted at the time and place and in the usual manner of the sheriff's sales in the county in which such real estate . . . is located." Def. SUMF at Ex. I. (Deed Under Power) As applicable to this action, O.C.G.A. § 44-14-162(a) required Nationstar to send notice of the nonjudicial foreclosure in accordance with another statute O.C.G.A. § 44-14-162.2. *The undisputed evidence shows that Nationstar did just that*.

(emphasis added). We conclude that appellees did not violate O.C.G.A. § 44-14-162.

4

B.

Quarles' remaining claims are for breach of contract under the security deed, breach of the duty of good faith and fair dealing under HAMP, and violation of Regulation X. As the District Court noted, however, Quarles did not object to the portion of the Magistrate's Report and Recommendation that dealt with these claims. Under Eleventh Circuit Rule 3-1, a party who "fail[s] to object to a magistrate judge's findings or recommendations contained in a report and recommendation . . . waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1. We will "only review a waived objection, for plain error, if necessary in the interests of justice." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017). But review for plain error "rarely applies in civil cases," *Id.* (quoting *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011)), and we decline to conduct plain-error review here.

III.

For the reasons discussed above, the District Court's judgment is **AFFIRMED.**

5