[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12582
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-00542-WMR


PETR SEDLACEK,

                                                        Plaintiff-Appellant,

versus

OCWEN LOAN SERVICING, LLC,
FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE),
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.(MERS),
CONSUMER HOME MORTGAGE INC.,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 22, 2021)

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Petr Sedlacek, *pro se*, appeals from the district court's dismissal of his complaint against Ocwen Loan Servicing, LLC ("Ocwen"), the Federal National Mortgage Association ("Fannie Mae"), Mortgage Electronic Registration Systems ("MERS"), and Consumer Home Mortgage Inc. ("CHM") for failure to state a claim for which relief may be granted and the court's denial of his motion for a new trial. On appeal, Sedlacek argues that the district court deprived him of his due process rights and his right to trial by jury and that the court abused its discretion by assigning his case to a magistrate judge, adopting the magistrate judge's findings and recommendations, and denying his post-judgment motions.

This appeal involves several legal standards of review. Whether a court has subject-matter jurisdiction is a question of law that we review *de novo*. *Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012). In a civil case, a party's notice of appeal must designate the judgments or orders being appealed. Fed. R. App. P. 3(c)(1)(B). We lack jurisdiction over a district court order entered after the filing of a litigant's notice of appeal unless the litigant files an additional or amended notice of appeal. *E.g., Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 660–61 (11th Cir. 1998). Next, although a party who fails to object to a magistrate judge's report and recommendation waives these objections on appeal, we may review these challenges "on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. Additionally, we review a district court's

2

denial of post-judgment motions under Federal Rule of Civil Procedure 59 for an abuse of discretion. *Kerrivan v. R.J. Reynolds Tobacco Co.*, 953 F.3d 1196, 1204 (11th Cir. 2020) (explaining standard for a motion for a new trial); *Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007) (explaining standard for a motion to alter or amend a judgment). And, in their briefs on appeal, appellants are required to provide a concise statement of the applicable standards of review for each issue and legal argument with citations to legal authorities and the parts of the record upon which appellant relies. Fed. R. App. Pro. 28(a). Thus, issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); *see also N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").

The Fifth Amendment's Due Process Clause prohibits the government from depriving any person of property without due process of law. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). The Supreme Court has determined that individuals whose property interests are at stake under this clause are entitled to "notice and an opportunity to be heard." *Id.* (quoting *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993)); *see also Parks v. Bank of N.Y.*, 614 S.E.2d 63, 64–65 (Ga. 2005) (noting that procedural due process under the Georgia

3

Constitution requires notice "'reasonably calculated' under the circumstances to apprise the interested parties of the proceeding at issue and afford them an opportunity to present their objections" (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 785 (1983))). Additionally, a plaintiff's right to a trial by jury is not violated when a court dismisses a case based on a matter of law at the pretrial stage. *See Garvie v. City of Fort Walton Beach*, 366 F.3d 1186, 1190 (11th Cir. 2004) (noting that "[i]t is beyond question that a district court may grant summary judgment where the material facts . . . cannot reasonably be disputed," with "the only remaining truly debatable matters [being] legal questions that a court is competent to address); *Galloway v. United States*, 319 U.S. 372, 388–96 (1943) (explaining that a motion for directed verdict does not violate the right to trial by jury).

Under the Federal Magistrates Act, the district court may designate a magistrate judge to conduct hearings and submit proposed findings and recommendations to the district court on a variety of motions, including a motion for failure to state a claim upon which relief can be granted. 28 U.S.C. § 636(b)(1). Under this act, the district court does not abuse its discretion in declining to consider a plaintiff's argument that was not presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291–92 (11th Cir. 2009). Furthermore, a person does not have standing under Georgia law to challenge a contract unless the person is a party to the contract or an intended third-party beneficiary of the contract. *Haynes v.*

4

*McCalla Raymer, LLC*, 793 F.3d 1246, 1251 (11th Cir. 2015) (holding that a person who is not a party to or an intended third-party beneficiary of an assignment lacks standing to challenge a forged assignment).

After a nonjury trial and upon a motion, the district court may grant a new trial to any party "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). The only grounds for granting a Rule 59 motion are new evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (noting that a motion to alter or amend a judgment, a filing analogous to a motion for a new trial, may not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment).

As an initial matter, we lack jurisdiction to review the district court's order denying Sedlacek's motion to correct a transcribed record because (1) the district court entered this order after he filed his notice of appeal and (2) Sedlacek did not designate this order in an additional or amended notice of appeal. Additionally, by failing to provide any substantive arguments in his brief, Sedlacek has abandoned his remaining arguments on appeal. But even if he had properly raised these issues, his arguments are without merit because nothing in the record suggests that the district court deprived him of his due process rights or his right to trial by jury. The Federal Magistrates Act allowed the district court to assign the case to a magistrate

5

judge, and the district court did not abuse its discretion in declining to consider new arguments or evidence that Sedlacek did not present to the magistrate judge. Moreover, Sedlacek lacked standing to challenge the assignment of his mortgage deed, could not move for a new trial without first having a trial in the district court, and failed to present new evidence or identify manifest errors of fact or law to support his motion for a new trial. Accordingly, for the reasons stated, we affirm the district court's dismissal of Sedlacek's action.

**AFFIRMED.**